Donahoe *et al.* *v.* Rich.

Filed Oct. 27, 1891.

No. 275.

DONAHOE ET AL. *v.* RICH.

LANDLORD AND TENANT.—*Lease.—Surrender and Release of by Parol.*— A written lease, not under seal, may be surrendered and released by parol.

SAME.—*Agreement to Release Lessee.—Surrender of Possession to Another Tenant.*—Where a lessor agrees to accept a surrender of the premises, and release the lessee from liability under the lease, and accept another tenant in his stead, and in pursuance of such agreement the lessee surrenders possession to the new tenant, these facts constitute a surrender of possession to the lessor.

SAME.—*Consideration for a Release.*—The sale by the lessee of an established business to the new tenant, and the putting of such tenant in possession, constitute a sufficient consideration for the release by the lessor.

PRACTICE.—*Action for Rent.—Right to Open and Close.*—Where, in an ac-

tion on a lease providing for attorney's fees for its enforcement, the burden of the issues is on the defendant, and the defendant admits that if the plaintiffs recover any judgment they can recover attorney's fees for the amount alleged in the complaint, the plaintiffs are not entitled to open and close. *Camp* v. *Brown*, 48 Ind. 575, distinguished.

From the Allen Superior Court.

*W. P. Breen*, for appellants.

*A. Zollars*, for appellee.

ROBINSON, J.—Appellants sued the appellee to recover rents alleged to be due them on a lease executed to them by the appellee, in Chicago, in relation to Chicago property. A copy of the lease was made a part of the complaint.

The complaint alleged that on the 2d day of April, 1888, the appellants demised and leased to the appellee the premises therein described, in the city of Chicago, for and during the term beginning May 1, 1888, and ending April 30, 1889, for the sum of one thousand dollars, payable in monthly instalments of eighty-three dollars and thirty-three cents each month, beginning on May 15, 1888, and continuing on the 15th day of each succeeding month; that appellee failed to pay the instalments due on the 15th days of September, October, November, December, 1888, and January, February, March, and April, 1889; that said instalments, amounting to seven hundred dollars, remained wholly due and unpaid; that appellee, by the terms of said lease, covenanted and agreed to pay attorney's fees for the enforcement of the same; that one hundred dollars is a reasonable attorney's fee for the collection of said rent, the services of an attorney being reasonably worth that sum. Demand for judgment, etc.

Appellee answered in two paragraphs. Appellants demurred to each paragraph, which was overruled as to the first paragraph, and sustained as to the second paragraph, to which ruling exceptions were taken by each party.

The cause was submitted to a jury, but before proceeding with the trial appellants moved the court for leave to open and close the cause, which motion was overruled, and exception taken, and the right to open and close was given to the appellee.

The jury returned a general verdict for the appellee, with answers to interrogatories submitted to them by leave of the court.    On appellee's motion judgment was rendered in his favor upon the verdict of the jury, and thereupon the appellants filed their motion for a new trial, which was overruled, and exception taken.

Two errors are assigned for the reversal of the judgment:

*First.*    The court erred in overruling the demurrer to the first paragraph of the answer.

*Second.*    The court erred in overruling the motion for a new trial.

The first question discussed by counsel for appellants is the alleged error of the court in overruling the demurrer to the first paragraph of the answer, which answer was substantially as follows, viz.:    Appellee admitted the execution of the lease sued on ; that the rent had not been paid for the several months as alleged in the complaint, and also admitted, and waived proof upon that point; that, if appellants were entitled to and recovered anything in the action, they were entitled to recover $100 as attorney's fees, as alleged in the complaint, but alleged that the appellee went into the premises therein described, and paid appellants one month's rent, which became due May 15th, 1888, according to the stipulations in said lease; that in carrying on his business of a meat market he occupied said premises for nearly one month, but before the expiration of one month from the time of such entry appellee had an opportunity of selling out his business to one Martin L. Bulger, and that he agreed with said Bulger to sell said business to him on condition that his tenancy could be so cancelled, surrendered and terminated as to release the appellee from all liability to the

appellants under said lease sued on in this action; that the appellants were informed of said negotiations between the appellee and said Bulger, and of the conditions so insisted upon by the appellee, and with such knowledge they agreed they would accept the surrender of said premises, and release the appellee from all liability under said lease, and accept said Bulger as their tenant under the same terms and conditions as those specified in said lease under which the appellee entered, being the same lease sued on in this action; that, after said agreement on the part of said appellants, appellee sold out said business to said Bulger, and surrendered to him the possession of said premises, and that he would not have made said sale, nor so surrendered said premises, but for the said agreement of said appellants, of all of which they had knowledge when they made said agreement. Wherefore, etc.

Counsel for appellants assumes in argument " that the answer in question was bad, because it was based upon an agreement to accept a surrender of premises under a lease which imports no consideration, and which therefore could not bind the appellants, and that it is not averred that appellants accepted a surrender of the premises from appellee, but that they agreed to accept such surrender; that a parol agreement for a surrender of a lease, unless based upon an independent consideration, is void."

It may be proper to say that the lease which was filed with and made a part of the complaint does not appear to have been under seal. We do not think the authorities cited by appellant sustain the position assumed, in support of which counsel for appellants refers us to Wood Landlord and Tenant, section 492, and *Coe* v. *Hobby*, 72 N. Y. 141.

There is nothing in these authorities to support appellants' claim. In section 492, *supra*, it is said : " But a parol agreement between the parties to a lease under seal, reducing the amount of rent, does not amount to a surrender, and, unless founded on an independent consideration, is void."

The answer does not raise the question of reducing the rent by parol. The question presented by the answer is an absolute surrender by the lessee, and an acceptance and release by the lessor.

In the case of *Coe* v. *Hobby, supra,* nothing was held except that a parol agreement for a reduction of rent specified in a lease under seal and unsupported by consideration was void, the tenant remaining in possession. It is clear from this case that it was decided upon the ground that the alleged agreement between the landlord and tenant amounted to nothing more than an agreement for the reduction of the rent. It was further said in that case : " The conclusion was that a valid parol lease, since the statute of frauds, might produce a surrender in law, and that the true rule was as laid down in 2 Starkie's Ev. 342, that the taking a new lease by parol is, by operation of law, a surrender of the old one, although it be by deed, provided it be a good one, and pass an interest according to the contract and the intention of the parties."

As we have said, the lease in suit, as appears from the complaint, was not under seal. That being the fact, the authorities seem clear that such a lease may be released by parol. *Rhodes* v. *Thomas,* 2 Ind. 638 ; *Ward* v. *Walton,* 4 Ind. 75 ; *Knarr* v. *Conaway,* 42 Ind. 260 ; *Stockton* v. *Stockton,* 40 Ind. 225.

It has also been held in the case of *Rigsbee* v. *Bowler,* 17 Ind. 167, that a subsequent verbal agreement, changing a previous written agreement, is valid, and may be proved by parol in a case where the original contract might have been made by parol.

The lease in question was but for one year. It might have been made by parol, and it might have been surrendered by parol. A verbal agreement changing the provision of the lease would have been valid, and we think it follows that a verbal agreement to release the tenant was valid and effectual to defeat an action for rent by the lessor. The authorities

in Illinois, where the lease was executed and where the property was situate, sustain the view we have taken. *Baker* v. *Pratt*, 15 Ill. 568; *Bull* v. *Griswold*, 19 Ill. 631. See, also, *Albert* v. *Ziegler*, 29 Pa. St. 50.

The answer shows that the appellants agreed to accept a surrender of the premises and release him from liability under the lease, and accept Bulger as their tenant in appellee's stead, and that pursuant to said agreement the appellee surrendered the possession of the premises to Bulger.

These facts constituted a surrender of the possession of the premises to the appellants. A surrender of the possession of the premises to Bulger, under the agreement with appellants, was equivalent to a surrender to the appellants. It is well settled that if the tenant surrender the premises and yields up the possession, and the same are accepted by the landlord, the lease and all liability under it for the future rent are extinguished. 1 Wash. Real Prop., p. 546; also, *Terstegge* v. *First German, etc., Society*, 92 Ind. 82.

In Wood Landlord and Tenant, section 497, it is said " that if a tenant consents that the lessor may grant a lease of the premises to another, and gives up possession to the new lessee, a surrender by operation of law transpires." Again : "An agreement that the term shall be put an end to, acted upon by the tenant quitting the premises, and the landlord by some unequivocal act, such as taking possession, amounts to a surrender by operation of law." It is also said in this section, " that a surrender may arise either from an express agreement of the parties or by the operation of law." In section 498 of the same work, it is said : " But an oral agreement between a landlord and tenant from year to year, that another tenant shall be substituted in his place, who is accordingly substituted, and thereupon takes possession, is a sufficient surrender to determine the former tenancy."

The citation of authorities we have made clearly sustains the allegations in the answer as to the agreement to accept

a surrender of the premises and release appellee and accept Bulger as a tenant in his stead, and that that agreement was carried out and executed by the appellee quitting the premises and putting Bulger in possession in accordance with the agreement between appellants and appellee.

Now as to the consideration. We think the allegations in the answer, that appellee had rented the premises for a meat market, and established his business in the premises so rented, that his selling his business after being in possession, quitting the premises and putting Bulger in possession under the agreement with appellants to accept Bulger, was a sufficient consideration for the agreement on the part of the appellants.

"A valuable consideration is one that is either a benefit to the party promising, or some trouble or prejudice to the party to whom the promise is made." 2 Kent Com. (Rev. ed.) 465.

" Consideration may be described generally as some matter accepted or agreed for as a return or equivalent for the promise made, showing that the promise is not made gratuitously." Bishop Contracts (Enlarged edition), p. 39, section 39.

Without considering the question as to whether the answer was not good also upon the ground of estoppel, it clearly stated facts constituting a defence to the action, and the demurrer was correctly overruled.

Under the motion for a new trial one of the causes assigned was that " The court erred in refusing to allow the appellants the open and close in the trial of the cause."

Appellants claim that this ruling was error; that, as the lease provided for attorney's fees, that allegation must have been proven by the appellants.

The lease sued on provided " that the party of the second part should pay and discharge all costs, attorney's fees and expenses that should arise from enforcing the covenants, etc., by the party of the first part."

The complaint alleged " that appellee, by the terms of said lease, covenanted and agreed to pay attorney's fees for the enforcement of the same ; that one hundred dollars was a reasonable attorney's fee for the collection of said rent, the services of an attorney being reasonably worth that amount."

The answer of the appellee we have heretofore set out, which was the only answer remaining in the cause when tried. The language of the answer upon this question is: "And he further expressly admits and waives proof upon that point, that if the plaintiffs are entitled to and do recover anything in the action, they are entitled to recover one hundred dollars attorney's fees, as alleged in the complaint."

Under the other admissions in the answer, there was nothing in the opening of the case devolving upon the appellants to prove, but the burden was upon the appellee under the answer, unless the contention of the appellants in relation to the attorney's fees is correct.

The appellants, in support of the position assumed, refer us to *Camp* v. *Brown*, 48 Ind. 575, which was a suit upon a note providing for reasonable attorney's fees, in which case appellant claimed the court erred in overruling his motion to be permitted to assume the burden of the issue, and to have the open and close in the argument. From a bill of exceptions in the case it appears that the appellant admitted that the allegation in the complaint that thirty dollars was reasonable attorney's fees for the collection of the note sued on was true, and said amount was reasonable if plaintiff should recover the amount of said note. It was held in this case that " The admission was coupled with a condition, which could not be ascertained until the verdict of the jury was returned. The admission did not dispense with the proof as to the value of attorney's fees, in case the plaintiff failed to recover the entire amount. The ruling of the court was right."

The law is so firmly settled as to need no citation of authority, that where the plaintiff, under the issues, has any-

thing to prove in the first instance, in order to entitle him to recover, or where he is required to prove his damages in cases where the damages can not be ascertained by mere computation, he is entitled to open and close. In the case at bar, under the admissions in the answer, the appellants had nothing to prove in the opening of the case, and the burden was upon the appellee. The admission as to amount of attorney's fees was not conditional, but was placed upon the ground that if appellants recovered any judgment they could recover attorney's fees for the amount alleged in the complaint. Surely it could not be contended, if appellants failed to recover any judgment at all, that they could recover attorney's fees. The court did not err in awarding the appellee the open and close in the case.

The appellants also claim that the motion for a new trial should have been sustained, because the verdict of the jury was contrary to law and was not sustained by sufficient evidence. The argument of the counsel for the appellant upon the questions sought to be raised under these causes in the motion for a new trial, is so limited and meager that we might treat this error as waived. We have, however, carefully examined all the evidence in the case, from which it appears that the evidence tended to sustain the verdict of the jury. We can not, therefore, interfere with the judgment on this account.

There was no error in overruling the motion for a new trial.

Judgment is affirmed, with costs.

Filed Oct. 27, 1891.