No. 19,318.

WILLARD M. FINCH, *Appellee,* v. GEORGE WESTCOTT BEYER, *Appellee,* and ARTHUR WHITAKER et al., *Appellants.*

SYLLABUS BY THE COURT.

OIL-AND-GAS LEASE—*Lease Transferred No Estate in Land or Title to Minerals—Valid Without Being Listed for Taxation.* An instrument purporting to "demise and grant" the minerals in a tract of land for a term of years, and for as much longer as minerals should be produced in paying quantities, the lessee to pay the lessor a royalty on all the mineral produced, but not obligating himself to prosecute mining operations beyond starting a well within sixty days, does not transfer the title to the mineral, and need not be recorded or listed for taxation in order to be valid.

Appeal from Franklin district court; CHARLES A. SMART, judge. Opinion filed March 6, 1915. Affirmed.

*H. M. Funston,* and *W. W. Whitaker,* both of Ottawa, for the appellants.

*W. B. Pleasant, Wilbur S. Jenks,* both of Ottawa, and *E. J. Lambert,* of Tulsa, Okla., for appellee Beyer.

The opinion of the court was delivered by

MASON, J.: Willard M. Finch brought an action to quiet title to a tract of land. George W. Beyer, a defendant, asserted a claim to it under an instrument termed a lease, by which certain rights relating to minerals purported to be transferred. The plaintiff contends that this instrument is void under section 20 of chapter 316 of the Laws of 1911 (the same as Gen. Stat. 1909, § 9334) because it undertook to pass title to the minerals, and had neither been recorded within ninety days of its execution nor listed for taxation. The trial court held the instrument to be valid, and the plaintiff appeals.

The statute referred to reads:

"That where the fee to the surface of any tract, parcel or lot of land is in any person or persons,

natural or artificial, and the right or title to any minerals therein is in another or in others, the right to such minerals shall be valued and listed separately from the fee of said land, in separate entries and descriptions, and such land itself and said right to the minerals therein shall be separately taxed to the owners thereof respectively. The register of deeds shall furnish to the county clerk, who shall furnish on the first day of March each year to each assessor where such mineral reserves exist and are a matter of record, a certified description of all such reserves; provided, that when such reserves or leases are not recorded within ninety days after execution, they shall become void if not listed for taxation."

The principal question presented, and one which if decided in the negative practically ends the case, is whether the instrument referred to creates such a separate estate in the land as to require its record or listing for taxation. It reads as follows:

"This Agreement, Made this 7th day of October, A. D. 1912 between W. M. Finch and wife, E. A. Finch of Rantoul, County of Franklin and State of Kansas, Lessor and Ed. McCoole, of Edgerton, Johnson County, State of Kansas, Lessee.

"Witnesseth, That the Lessor in consideration of One Dollar the receipt of which is hereby acknowledged, and of other valuable considerations, do hereby demise and grant unto the Lessee all the oil, gas and other minerals in and under the following described tract of land, and also the said tract of land for the purpose and with the exclusive right of operating thereon for oil, gas and other minerals, together with the right of way, the right to lay pipe lines over, and to use water from the premises, and also the right to erect or remove at any time all property placed thereon by the lessee, which tract of land is situated in the County of Franklin, State of Kansas, to-wit: N. W. 1-4, Section 10, Township 17, Range 21,

"Consisting of 160 acres, more or less. To have and hold the same unto the lessee for the term and period of 5 years from the date hereof and as much longer as oil, gas and other minerals are found in paying quantities thereon.

"The Lessee paying to the lessor as royalty:

"1. The eight (1-8) part of all oil produced and saved from the premises, delivered free of expense into tanks or pipe lines to the Lessor's credit.

"2. (a) Should gas be found in paying quantities to pay the Lessor the sum of One Hundred Fifty Dollars per year for each well from which gas is being sold or utilized off of the premises.

"(b) And allow the Lessor the free use of gas for domestic purposes, piped at his own risk and expense.

"1. To drill no wells within 200 feet of any building now on said premises.

"2. To pay all necessary damages to fences or growing crops.

"It is mutually agreed:

"1. (a) Second party agrees to commence well on the above described premises within sixty days from the date hereof and in case of failure to do so this lease shall become null and void and without any further effect whatever, unless the Lessee shall pay for the delay at the rate of $250.00 dollars per year thereafter until a well shall be commenced.

"(b) Such payment shall be made to the Lessor's credit in Rantoul Bank at Rantoul, Kansas. Second party agrees to furnish pipe for gas to house.

"2. The lessee shall have the right at any time to terminate this lease by releasing the same of record, and shall thereafter be released from all obligations and liabilities under the same.

"This contract shall extend to and be binding upon the heirs, assigns, successors and personal representatives of the Lessor and Lessee herein."

In *Gas Co. v. Neosho County*, 75 Kan. 335, 89 Pac. 750, the form of an oil-and-gas lease there presented was held not to effect a transfer of title to the minerals. It was said that "there is no standard form for an oil-and-gas lease," and that "each instrument must be interpreted in the light of its own peculiar provisions." (p. 339.) In *Gas Co. v. Oil Co.*, 83 Kan. 136, 109 Pac. 1002, an instrument falling in the other classes was considered. In the present case a severance of the title is suggested by the words "hereby demise and grant unto the lessee all the oil, gas and other minerals" in

and under the land described; but the instrument purports also to grant and demise the land itself for the purpose of operating thereon for minerals. Moreover, the extent of the grant is limited by the subsequent provision to a term of five years and as much longer as oil, gas and other minerals are found in paying quantities. The lessee undertakes to commence a well within sixty days, but assumes no further obligation to develop the mineral resources of the property. Having done that much, he was at liberty to prosecute such further operations as he saw fit for five years, and for as much longer as minerals should be found in paying quantities, upon accounting to the lessor for the stipulated royalties. Under this arrangement we think the title to the minerals did not pass until they were severed, and that the instrument was not required to be recorded or listed for taxation.

Complaint is made of the rejection of evidence tending to show an abandonment of rights under the lease, but the evidence was not produced on the hearing of the motion for a new trial.

The judgment is affirmed.