[Civ. No. 4286. Second Appellate District, Division One.—January 12, 1925.]

## RUFUS BANGLE, Appellant, v. GEORGE SOUTHWELL, Respondent.

[1] LANDLORD AND TENANT—ACTION TO RECOVER RENT—PAYMENT—EVIDENCE—FINDINGS—APPEAL.—In an action to recover a sum of money alleged to be due under a certain lease, where the defendant testifies that he paid plaintiff the amount so claimed to be due, and plaintiff thereafter takes the stand and denies that the payment was made on the lease in question and claims that it was paid on a later lease executed by the parties, and defendant does not thereafter take the stand and deny such testimony of plaintiff, there is no merit in plaintiff's contention that the court must find in accordance with his testimony, and against the testimony of defendant; and the trial court's finding that payment was made as claimed by defendant is binding upon the appellate court.

[2] ID.—PERFORMANCE OF LABOR—DELIVERY OF HAY—ACCEPTANCE AS PAYMENT — EVIDENCE — FINDING. — In an action to recover the amount claimed to be due under a certain lease, where the defendant testifies that he paid plaintiff the amount claimed by performing certain work and labor for plaintiff, and by the delivery to plaintiff of certain hay, and plaintiff does not deny such testimony and does not cross-examine defendant, such testimony is sufficient to justify the finding of the trial court that payment was made as claimed by defendant, notwithstanding defendant does not state, in addition to the facts above set out, that plaintiff had agreed to accept said work and labor and said hay in full payment of the amount due from defendant to plaintiff.

[3] ID.—RELEASE FROM LIABILITY — CONSTRUCTION OF CONTRACT.—In this action to recover a sum of money under a written agreement whereby defendant agreed to perform certain work upon certain lands of plaintiff and plaintiff agreed thereupon to execute and deliver to defendant a bill of sale covering the crops on said lands, the trial court was justified in concluding that a written agreement subsequently executed by plaintiff, defendant, and a third person, wherein plaintiff agreed that said third person may "perform the labors and terms called for to be performed" by defendant under the latter's contract with plaintiff, and he consented that the proceeds from all crops grown on the lands might be paid to said third person, was intended as, and constituted, a release of defendant from liability under his original agreement with plaintiff.

70 Cal. App.—36

[4] ID. — PAROL EVIDENCE. — By said subsequently executed written agreement . as construed by the court, plaintiff having released defendant from liability under the original written agreement, the trial court did not commit error in sustaining defendant's objection to the question asked of plaintiff, by his counsel, if he ever agreed at any time to release defendant from his obligation under the original agreement.

[5] ID.—PERFORMANCE OF ORIGINAL AGREEMENT—IMMATERIAL ISSUE— FINDINGS.—In such action, the trial court having found that defendant was released from all liability under the original agreement entered into with plaintiff, the question as to whether defendant had performed its terms and conditions became immaterial and no findings were required upon any of the issues involving such question.

(1) 4 C. J., p. 678, n. 14 New, p. 885, n. 39.   (2) 4 C. J., p. 884, n. 37.   (3) 13 C. J., p. 527, n. 46, p. 558, n. 24, p. 674, n. 21. (4) 13 C. J., p. 1104, n. 98.   (5) 38 Cyc., p. 1969, n. 99.

APPEAL from a judgment of the Superior Court of Imperial County. Edgar A. Luce, Judge. Affirmed.

The facts are stated in the opinion of the court.

Harry W. Horton for Appellant.

Robert G. Hill for Respondent.

CURTIS, J.—This action was brought to recover a money judgment against the defendant. It was tried upon the supplemental and amended complaint and defendant's answer thereto. The complaint set forth four causes of action. The first cause of action was for $457, alleged to be due as rent on a written contract and lease dated July 1, 1918. The second cause of action was for $919.50, alleged to be due under a written contract and lease of date July 1, 1918. There is no controversy as to the third cause of action so no further reference will be made to it. The fourth cause of action was to recover $2,593.37, alleged to be due under a written contract and lease of date January 1, 1920. The defendant in his answer alleged payment of the amounts claimed in the first and second causes of action, and, as to the fourth cause of action, that the parties thereto, after the execution of the contract and lease set forth therein, had waived, abandoned, and rescinded the same. The court found in favor of the defendant upon all issues made by

the pleadings, and rendered judgment in his favor.  Plaintiff has appealed.

[1]  The first point made by appellant is that the evidence is not sufficient to justify the findings of the court that the defendant had paid the respective sums claimed to be due to the plaintiff upon the contracts set out in the first two causes of action of the complaint.  As to the first cause of action, defendant testified that he had entered into a lease of date July 1, 1918, by which he had agreed to pay the plaintiff the sum of $457; that he paid plaintiff the sum of $457 by getting it from a bank on a note of $500 indorsed by Bangle, the appellant; that Bangle received this money and that he, defendant, thereafter paid the note.  Bangle thereafter took the stand and denied that this payment of $457 was made on the lease of July 1, 1918, and claimed that it was made on a later lease executed by the parties.  It is now argued by appellant that as the defendant failed thereafter to deny Bangle's testimony that the payment was made on a later lease and not on the lease of July 1, 1918, that there is no conflict in the testimony, but that this court must accept Bangle's testimony as the only evidence in the case upon the question of payment or nonpayment of the amount in controversy, and must disregard the testimony of the defendant that he had paid the amount claimed.  There is no force in this argument.  The trial court had before it the testimony of both parties and from their evidence found that the payment had been made as claimed by the defendant.  Under these circumstances this finding is binding upon this court.

[2]  As to the second cause of action the defendant testified that he had paid plaintiff the amount claimed by appellant by performing certain work and labor for appellant, and by the delivery to appellant of eleven tons of hay.  Appellant denied that defendant had ever paid him anything on the account.  Appellant now claims that the defendant's testimony should be rejected as a whole because he did not state, in addition to the facts above set out, that appellant had agreed to accept said work and labor performed by defendant, and said eleven tons of hay in full payment and satisfaction of the debt due from the defendant.  This claim is without any merit whatever, especially in view of the fact that the record in this case shows that appellant neither cross-examined the defendant regarding

his testimony upon this point, nor did appellant deny that he had received the hay from the defendant, nor that defendant had performed the work and labor to which he testified. The finding of the court that the payment had been made of the amount claimed by appellant in his second cause of action finds ample support in the evidence.

[3] The fourth cause of action was brought to recover certain amounts alleged to be due under a contract and lease of date January 1, 1920. In substance the terms of this contract and lease are as follows: Bangle, the appellant, was the owner of a 160-acre tract of land situated in Imperial County. Southwell, the defendant, agreed to plow said land and to level certain portions thereof, and to plant the whole in alfalfa, cotton, and Rhodes grass, and to pay certain water assessments, taxes, and interest on a trust deed against the land for the year 1920. In consideration thereof, Bangle agreed to execute to Southwell, upon the performance of the conditions of the contract to be performed by Southwell, a bill of sale to all crops grown on said land during said year. It was further agreed that said contract should not be transferred without the written consent of Bangle.

On October 8, 1920, the parties to said contract and lease, together with one F. M. Henderson, entered into the following written agreement:

"Whereas there is now in force a certain contract between George Southwell and Rufus Bangle for the farming of certain land in Imperial County and wherein George Southwell has agreed to perform certain work upon said property before title to the crops there shall pass to Southwell;

"And whereas there is also in force as between Southwell and F. M. Henderson a certain agreement where it is provided that said Henderson shall perform the labors called for to be performed by Southwell under the contract with Bangle;

"And whereas the last mentioned agreement has not been sanctioned by Bangle and the exact terms of the same are not known to Bangle;

"Now therefore it is hereby agreed by all parties mentioned that the said Henderson may proceed to perform the labors and terms called for to be performed by Southwell under the contract with Bangle and as to all crops and products harvested and to be harvested on said property, the same, or evidence of the title to the same, such as ware-

house receipts, are to be placed in the hands of the First National Bank of Imperial, California, to be held by said Bank until all the terms of the Southwell-Bangle agreement have been performed and until that same are performed as called for the property shall remain the property of Rufus Bangle. If all of the conditions called for to be performed are performed then the portion to be delivered to Southwell under the Bangle contract shall be paid over to Henderson. If not, then the same is to be retained by Bangle.

"G. H. SOUTHWELL.

"F. M. HENDERSON.

"RUFUS BANGLE.

"Oct. 8th, 1820."

The trial court held that by the execution of the agreement of October 8, 1920, the plaintiff had released the defendant from all liability on the contract and lease of January 1, 1920. Appellant questions the correctness of this finding of the court and contends that the agreement of October 8, 1920, is not susceptible of any such construction. There is no express release of defendant contained in said last-mentioned agreement. There is, however, an express agreement by the appellant that Henderson may "perform the labors and terms called for to be performed by Southwell under the contract with Bangle." The "labor and terms" to be performed by Southwell under this contract were not of such a character as were required to be performed by Southwell personally. While he could not assign his contract without the written consent of Bangle, there was nothing contained therein which prevented him, without Bangle's consent, from entering into an agreement with Henderson, whereby the latter should perform the terms and conditions of said contract to be performed by said Southwell. This being true, it is evident that the parties must have intended, by this provision of the later contract, something more than the mere giving permission to Henderson to do that which he had a perfect right to do without any permission from Bangle whatever. Therefore, when Bangle agreed with Southwell that he would accept performance of the contract from Henderson, and Southwell, in consideration thereof, consented that the proceeds of all crops grown upon the land might be paid to Hender-

son, we think it is evident that it was the intent of the parties thereto that Southwell should be released from the performance of the acts which it was agreed might be performed by Henderson. In fact, when Bangle entered into the direct agreement that Henderson might perform the contract, he indirectly agreed that Southwell need not do so. This amounted to a legal release of Southwell from the performance of all those acts which Bangle had agreed might be performed by Henderson. We agree, therefore, with the trial court in the construction placed by it upon said contract of October 8, 1920, and in its finding that the defendant was by the terms of said contract released from all liability under the contract and lease of January 1, 1920.

[4] Appellant further contends that the court erred in sustaining an objection to a question asked of appellant, by his counsel, if he had ever agreed at any time to release Southwell from his obligation under the contract and lease of January 1, 1920. The objection was properly sustained. To have permitted the question to be answered would have been to admit parol evidence to vary a written agreement. The legal effect of this written agreement, as we have already seen, was that he had released Southwell from the obligation of said contract.

[5] Finally, appellant contends that the court failed to find upon certain material issues made by the pleadings. These issues involve the question as to whether or not defendant had complied with certain terms and conditions of the contract and lease of January 1, 1920. The court having found, and we believe properly so, that the defendant had been released by appellant from all the obligations of said contract, the question as to whether he had performed its terms and conditions became immaterial, and no findings were required upon any of the issues involving such question.

The respondent in his brief has suggested to this court that the appeal in this action was taken merely for delay; that it is frivolous, and that it presents a proper case for the imposition of a penalty by this court against a party guilty of such practice. We have considered this suggestion both in the light of the facts of the present action and in the relation of this action to the judgment in a prior action, wherein the defendant recovered judgment against the plaintiff, but

after such consideration we are of the opinion that this is not a proper case for the imposition of any penalty.

Judgment affirmed.

Conrey, P. J., and Houser, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 13, 1925, and the following opinion then rendered thereon:

THE COURT.—The application of appellant herein for a transfer and hearing by this court after judgment in the district court of appeal is denied. We do not construe the opinion of that court herein as holding or deciding that the so-called ''contract and lease of January 1, 1920,'' was in legal effect a lease. We deem it unnecessary for the purposes hereof to determine whether in legal effect that contract was a contract of employment, a contract for the furnishing of labor, or a cropping contract. We are in accord with the conclusion of the district court of appeal affirming the finding of the trial court to the effect that in and by the agreement of October 8, 1920, the parties thereto intended to release defendant herein from the obligations of the contract of January, 1920.

All the Justices concurred.