[Sac. No. 4300. In Bank.—June 19, 1930.]

HARRY J. DOUGLAS et al., as Executors, etc., Appellants, v. A. D. SCHINDLER, Respondent.

Charles A. Shurtleff and Robert B. Gaylord for Appellants.

T. T. C. Gregory and Wallace Sheehan for Respondent.

THE COURT.—This appeal presents but one point for our consideration, namely: Did a certain agreement to be hereafter set forth, amount to a novation, thereby releasing respondent Schindler from liability under a certain lease agreement, or was it a mere recording agreement, in no way changing the legal status of the parties at the time of its execution. The point arises from the following uncontradicted facts:

On August 10, 1922, Austie L. Douglas and H. J. Douglas, as lessors, entered into a lease agreement with A. D. Schindler as lessee, for the leasing of some 2,400 acres of land in Kings County, California, for a period of five years, starting August 31, 1922, and terminating August 31, 1927. The total rental for this period was to be $24,025, payable in semi-annual installments of $2,402.50 each, in February and August of each year. In addition to the above rentals, the lessee agreed to pay all taxes and water assessments levied against the property during the lease period. It was probably contemplated by the parties that Schindler would form a corporation to farm the property, in which event the lease was to be assigned to this corporation. At any rate, the lease provided that the lessee could assign to any third person or corporation, "who shall be substituted in place of the lessee," providing the assignee assumes all the obligations under the lease. The lease contained no clause requiring the lessor's consent to any such assignment by the lessee. Schindler was likewise given a two-year option to purchase the property on certain specified terms. On September 7, 1922, Schindler assigned the lease to the Corcoran Farming Company, of which company he was president, reserving to himself the option to purchase mentioned, *supra*. The Farming Company assumed all obligations under the lease, and immediately went into possession of the property, with the knowledge and consent of the lessors. Respondent contends that because the original lease provided the assignee was to be "substituted" for Schindler, in the event of an assignment, that there was an anticipatory agreement to effect a novation by the assignment and this, when executed, effected

respondent's release. The argument, although ingenuous, is unsound. We find nothing in the original lease and in the assignment of September 7, 1922, to distinguish it from the ordinary assignment of a lease, under which the original lessee remains liable to the lessor by virtue of the privity of contract established by the lease.

So matters remained until October 17 or 18, 1922. On that date Schindler sent to appellants a letter in which was inclosed an agreement prepared by himself. This appeal hinges upon the proper interpretation of that letter and inclosure. Appellants refer to this inclosure as a mere "recording agreement," while respondent refers to it as a "new lease" between appellants and the Farming Company. The letter first mentions that a Farming Company check is inclosed in payment of certain water assessments, and then continues: "As you will recall, I mentioned to you sometime ago the necessity of placing of record a notice of the lease of your property and you indicated that you would prefer not to have its terms made public. I have therefore had prepared a skeleton agreement giving notice of such contract, but referring for the terms thereof to another agreement which is not of record. If you and Mrs. Douglas will execute this and return to me one copy I will do what further is necessary. As a matter of course, your signature should have notarial acknowledgment in order to make the agreement suitable for recordation." The letter closed with an inquiry about certain subtenancies. The "other agreement" referred to in the above letter clearly refers to the Schindler lease. The inclosed agreement, in the form of a formal contract, provided in part: "This contract, entered into in duplicate, this 17th day of October, 1922, by and between Austie L. Douglas and H. L. Douglas, her husband, first parties, and Corcoran Farming Company, a California Corporation, second party; Witnesseth: Whereas, first parties have heretofore, on the 10th day of August, 1922, entered into a lease contract and option to purchase with A. D. Schindler wherein it was provided for, among other things, that first parties grant to said A. D. Schindler a lease for the period of five (5) years and an option to purchase for a period of two years covering certain lands situated in the Kings County, California [here follows a legal description of the leased property].

Whereas, said A. D. Schindler, by and with the consent of the first parties has assigned said lease contract to second party by virtue of an assignment contract, dated September 7, 1922, and, Whereas, said last mentioned assignment contract was made by said A. D. Schindler, by and with the consent and approval of first parties. Now, therefore, for and in consideration of these presents and of the covenants and promises herein contained, and for the further consideration of ten ($10.00) dollars to first parties in the hand paid by second party, receipt whereof is hereby acknowledged, it is contracted and agreed by and between the parties hereto that said lease contract between first parties and A. D. Schindler, dated August 10, 1922, and all the provisions thereof be and the same are hereby made subject matter of a lease contract between first parties and second party affecting and relating to the lands hereinabove set forth, provided, however, it is understood and agreed that in so far as any option has been given to said A. D. Schindler by said lease contract that the same has not been transferred to second party, and that any such option still runs under said lease contract to and is owned by said A. D. Schindler.''

This agreement was properly executed by the appellants, and then recorded at the request of the Farming Company. The Farming Company remained in possession of the land and performed all necessary conditions for over four years. In January, 1927, the Farming Company attempted to repudiate the lease, and attempted to surrender possession of the property to appellants, who refused to accept. Appellants then brought an action against Schindler as original lessee and the Farming Company as assignee for the last installment of rent and for certain delinquent taxes and assessments, totaling $8,101.25. The case was tried before the court without a jury, resulting in a verdict against the Farming Company, but in favor of Schindler, on the theory that the agreement of October 17, 1922, amounted to a release of Schindler, and a new lease between appellants and the Farming Company. We concur in this interpretation of the agreement. The Farming Company has not appealed.

The letter of October 17, 1922, may well be considered as ambiguous in its description of the inclosed agreement,

but the agreement itself is clear, certain and unambiguous. The opening paragraph states that it is a contract between appellants and the Farming Company. Then reference is made to the Schindler lease for certain terms and conditions, and then it is stated that those terms and conditions *"are hereby made subject matter of a lease contract"* between appellants and the Farming Company. Appellant, H. J. Douglas, admits having read the agreement before signing it. As a man of at least ordinary intelligence that agreement could mean but one thing to him—the one thing that it expresses clearly and unequivocally—that is, that appellants were entering into a "lease contract" with the Farming Company. Under the circumstances of this case this could have but one meaning—that the Schindler lease was rescinded and a new lease was entered into with the Farming Company. The privity of estate between Schindler and the appellants was severed by the assignment of September 7, 1922. Privity of contract was destroyed between those parties by the rescission and new lease of October 17th. Appellant makes much of the fact that the October 17th agreement does not specifically state that Schindler is to be released by this new agreement. Under the circumstances that is immaterial. (*Bangle* v. *Southwell*, 70 Cal. App. 561 [232 Pac. 58].) ■ It is elementary that two valid and enforceable leases cannot be outstanding on the same property for the same term. A surrender of the premises by operation of law took place when appellants entered into a new lease with the Farming Company with Schindler's consent, thus releasing Schindler of all liability. (*Welcome* v. *Hess*, 90 Cal. 507 [25 Am. St. Rep. 145, 27 Pac. 369]; 35 Cor. Jur. 994.)

The judgment appealed from is affirmed.

Rehearing denied.