## FERGUSON v. COMMISSIONER OF INTERNAL REVENUE.

### No. 605.

Circuit Court of Appeals, Tenth Circuit.

June 30, 1932.

Glenn Porter, of Wichita, Kan. (H. W. Hart, Enos E. Hook, Edw. H. Jamison, and Getto McDonald, all of Wichita, Kan., on the brief), for petitioner.

A. H. Conner, Sp. Asst. to Atty. Gen. (G. A. Youngquist, Asst. Atty. Gen., Sewall Key, Sp. Asst. to Atty. Gen., and C. M. Charest, Gen. Counsel, and Arthur Clark, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., on the brief), for respondent.

Before COTTERAL, PHILLIPS, and McDERMOTT, Circuit Judges.

PHILLIPS, Circuit Judge.

This is a petition to review a decision of the Board of Tax Appeals. The material facts, which were stipulated before the Board, are these:

Petitioner is the owner of two tracts of land situate in Cowley County, Kansas, one containing 152 acres and the other 160 acres. On May 1, 1922, petitioner executed to May D. Ferguson, his wife, an oil and gas lease on such land for a term of five years and as long thereafter as oil and gas or either of them should be produced from said land by the lessee. Such lease was on a form commonly known as Kansas Producers 88. It provided that should no well be commenced on such land on or before May 1, 1923, the lease should terminate as to both parties, unless the lessee on or before that date should pay or tender to the lessor $312, which would operate as a rental and cover the privilege of deferring the commencement of a well for 12 months from such date. It further provided that, in like manner and upon like payments or tenders, the commencement of a well might be further deferred for like periods successively. This lease was of nominal value only at the date it was executed.

On October 20, 1922, petitioner and May D. Ferguson executed and delivered to the Merriam-Findeiss Oil Company an oil and

892

gas lease on the 152-acre tract for a term of five years and as long thereafter as oil and gas or either of them should be produced from such land by the lessee. Such lease was also on a Kansas Producers 88 form, and provided that should no well be commenced on such land on or before October 20, 1923, the lease would terminate unless delay rental was paid.

On October 31, 1922, petitioner and May D. Ferguson executed and delivered to The Empire Oil & Gas Company an oil and gas lease on the 160-acre tract for a term of five years and as long thereafter as oil and gas or either of them should be produced from such land by the lessee. Such lease was also on a Kansas Producers 88 form, and provided that should no well be commenced on such land on or before October 31, 1923, the lease would terminate unless delay rental was paid.

Bonuses aggregating $11,000 were paid for the last two leases. May D. Ferguson returned such amount in her income tax return for 1922. The Commissioner assessed a deficiency against petitioner for 1922 on account of the bonuses paid, and treated such amount as an over-assessment against May D. Ferguson.

As to the 152-acre tract, May D. Ferguson did not assign or convey the rights she acquired under the first lease prior to the execution of the second lease. And as to the 160-acre tract, she did not convey or assign such rights prior to the execution of the third lease.

■ The finding of the Commissioner that the amount paid as bonuses was income received by petitioner was prima facie correct, and the burden rested on petitioner to overcome such finding by substantial evidence. Niles Bement Pond Co. v. United States, 281 U. S. 361, 50 S. Ct. 251, 74 L. Ed. 901; United States v. Rindskopf, 105 U. S. 418, 422, 26 L. Ed. 1131; Kaufmann v. Commissioner (C. C. A. 3) 44 F.(2d) 144; Taplin v. Commissioner (C. C. A. 6) 41 F.(2d) 454; Blair Co. v. Commissioner (C. C. A. 3) 31 F.(2d) 861, 863; McCarl v. United States, 59 App. D. C. 362, 42 F.(2d) 346. Such leases did not convey title to the oil and gas in place. They only gave the lessee the right to go upon the land and to prospect for, develop, and remove oil and gas therefrom. Under them the respective lessees would acquire title only to the oil and gas which they extracted and reduced to possession. Hover v. McNeill, 102 Kan. 492, 175 P. 150; Finch v. Beyer, 94 Kan. 525, 146 P. 1141; Priddy v. Thompson (C. C. A. 8) 204 F. 955; Alexander v. King (C. C. A. 10) 46 F.(2d) 235, 238, 239, 74 A. L. R. 174. The bonuses were therefore in the nature of advanced royalties and were income from the land. Burkett v. Commissioner (C. C. A. 8) 31 F.(2d) 667; Berg v. Commissioner, 59 App. D. C. 86, 33 F.(2d) 641; Work v. Mosier, 261 U. S. 352, 357, 43 S. Ct. 389, 67 L. Ed. 693; Alexander v. King (C. C. A. 10) 46 F.(2d) 235, 239, 74 A. L. R. 174. See footnote.[1]

The terms of the second and third leases extended beyond the term of the first. Under the first lease the lessee was required to commence a well or pay delay rental on or before May 1, 1923. Under the second and third leases the lessees were required to commence wells or pay delay rentals on or before October 20 and 31, 1923, respectively.

■ The transaction with respect to the second and third leases was not in substance an assignment of the first lease, because the lessees under the second and third leases received substantial rights in excess of what an assignment of the first lease would have transferred.

■ The second and third leases created estates inconsistent with that created by the first lease. The petitioner, lessor in the first lease, made the second and third leases and May D. Ferguson, the lessee in the first lease, joined in and thereby consented to the second and third leases.

■ Where the owner of land gives a lease thereon and during the existence of such lease enters into a new lease thereof inconsistent with the first, and the tenant under the first consents to the second lease and the tenant under the second lease pays rent and goes into possession of the leased premises, a surrender of the first lease is effected by operation of law. The lessor and the lessee under the first lease by their acts are estopped to deny the first lease was not surrendered. Nickells v. Atherstone, 10 Qb. 944, 116 English Reprint 358; Jenkins v. Root, 269 Pa. 229, 112 A. 153; Douglas v. Schindler, 209 Cal. 616, 289 P. 625, 627; Welcome v. Hess, 90 Cal. 507, 27 P. 369, 370, 25 Am. St. Rep. 145; Flannagan v. Dickerson, 103 Okl. 206, 229 P. 552; Donahoe v. Rich, 2 Ind. App. 540, 28 N. E. 1001, 1003; Bowen v. Haskell, 53 Minn. 480, 55 N. W. 629; Sult v. Hoch-

[1] Ferguson v. Commissioner (C. C. A. 5) 45 F.(2d) 573, is distinguishable. That case arose in Texas and was predicated upon the proposition that, under the decisions of the Texas courts, oil and gas leases effect a conveyance of the oil and gas in place. Alexander v. King (C. C. A. 10) 46 F.(2d) 235, 240, 74 A. L. R. 174.

stetter Oil Co., 63 W. Va. 317, 61 S. E. 307, 314.

May D. Ferguson had no title to the land itself; that title was in petitioner. She had only a leasehold estate. That estate she surrendered when the second and third leases were made. The bonuses were paid not for such surrender but as advanced royalties for the second and third leases. They were paid as royalties for leases of lands made by petitioner, the title to which was in him. Royalty paid for an oil and gas lease is income from land and not from the sale of capital assets. Alexander v. King (C. C. A. 10) 46 F.(2d) 235, 240, 74 A. L. R. 174.

It follows that petitioner not only failed to overcome the prima facie effect of the Commissioner's finding, but the stipulated facts tend to establish that the income was derived by petitioner from land that he owned.

The decision of the Board is affirmed.