[Civ. No. 6062. Third Appellate District.—September 16, 1938.]

SECURITY–FIRST NATIONAL BANK OF LOS ANGELES (a National Banking Association), Appellant, v. EDWARD H. MARXEN, as Trustee in Bankruptcy, etc., et al., Respondents.

Thorpes & Bridges for Appellant.

L. R. Brigham, Lynden Bowring and H. Elliott Pownall, Jr., for Respondents.

THOMPSON, J.—The plaintiff has appealed from a judgment which was rendered in favor of the defendant, Edward H. Marxen, as Trustee in Bankruptcy of the Estate of Santa Monica Amusement Company, a bankrupt corporation, and the plaintiff has also appealed from that portion of the same judgment which quiets title to a wharf at Santa Monica, subject, however, to the rights acquired by La Monica Dance Hall, Inc., a corporation, under a lease thereof from Santa Monica Amusement Company dated August 24, 1928, which lease expired June 6, 1936.

Since this appeal was perfected, the respective parties filed in this court July 14, 1938, a written stipulation to the effect that the portion of the judgment which quiets title to the real property involved in the defendant Edward H. Marxen, as Trustee in Bankruptcy of the Estate of Santa Monica Amusement Company, a bankrupt corporation, may be reversed, and that the court, in lieu thereof, may render judgment to the effect that the plaintiff, Security-First National

Bank of Los Angeles, a national banking association, is sole owner and entitled to the exclusive possession and use of the property as against said Marxen, as trustee.

The stipulation leaves for the disposition of this court only that portion of the appeal which quiets title to the real property in plaintiff, subject to the rights of the respondent, La Monica Dance Hall, Inc., a corporation, under the terms of its lease from Santa Monica Amusement Company, dated August 24, 1928.

The appellant, Security-First National Bank of Los Angeles, contends, with respect to the last-mentioned portion of the appeal, that finding VIII, which was adopted by the trial court, is not supported by the evidence for the reason that appellant acquired title to the property by foreclosure of a trust deed which was executed by the Santa Monica Amusement Company, a corporation, to plaintiff as beneficiary thereof on September 12, 1932, and that the title of the defendant, La Monica Dance Hall, Inc., a corporation, became subject to plaintiff's title by the terms of an express agreement to that effect, also dated September 12, 1932, subordinating its title to the lien of said trust deed, and that respondent's title was also rendered subject to the plaintiff's title by a subsequent written agreement dated May 25, 1935, between plaintiff as party of the first part, Los Angeles Trust & Safe Deposit Company, a corporation, as second party, and the City of Santa Monica, a municipal corporation, as party of the third part.

Finding VIII, which is involved on this appeal, reads as follows:

"That it is true that the right, title and interest of plaintiff in and to said wharf, pier, franchise and other property, hereinabove in Paragraph VII of these findings described, is subject to that certain lease held by the City of Santa Monica, a municipal corporation, as lessee, which said lease is dated October 1, 1934, and is more particularly described in the copy of the subordination agreement attached to plaintiff's complaint herein and marked 'Exhibit C' thereto.

"That it is true that the right, title and interest of plaintiff in and to said wharf, pier, franchise and other property, hereinabove in Paragraph VII of these findings described, is also subject to the interest of the defendant herein, La Monica Dance Hall, Inc., a corporation, as Lessee, under and by virtue

of the terms and provisions of that certain lease dated on or about the 24th day of August, 1928, entered into in writing by and between Santa Monica Amusement Company, a corporation, as Lessor, and said defendant, La Monica Dance Hall, Inc., a corporation, as Lessee, for a period ending at the expiration date of the franchise attached to plaintiff's complaint herein and marked 'Exhibit A', or any extension thereof; that it is true that the expiration date of said franchise, attached to plaintiff's complaint herein and marked 'Exhibit A', is midnight on June 6, 1936.

"That it is true that no renewal or extension of said franchise, granted under date of June 7, 1916, by the City of Santa Monica to Charles I. D. Looff, has ever been made."

June 7, 1916, the city of Santa Monica granted Charles I. D. Looff a franchise to build and operate for a term of twenty years a wharf extending into the Pacific Ocean at the foot of Colorado Avenue, in Santa Monica, to be used for commercial, amusement and recreation purposes. The dock was constructed. By mesne conveyances it was leased to the Santa Monica Amusement Company, a corporation, which was the owner thereof on August 24, 1928. On the last-mentioned date, for a named consideration, the Santa Monica Amusement Company executed a lease to this respondent, La Monica Dance Hall, Inc., a corporation, of a portion of the dock specifically described, and including a space of 180 feet by 250 feet in size, for the purpose of constructing and operating thereon a dance hall. The term of that lease was specified as the duration of the Looff franchise, which expired June 6, 1936. On September 12, 1932, the Santa Monica Amusement Company executed and delivered to the plaintiff its promissory note for $96,000, secured by a trust deed on the wharf property, including that portion thereof which was leased to the La Monica Dance Hall, Inc., as above stated. On the last-mentioned date, and as a part of the same transaction, the Santa Monica Amusement Company and the La Monica Dance Hall, Inc., executed a written agreement specifically covenanting that the respondent's title to the dance hall property should become subject to the lien created by the trust deed of September 12, 1932. October 1, 1934, this respondent, in conjunction with E. Pickering, a sub-lessee of respondent, and the Santa Monica Amusement Company joined in a lease to the city of Santa Monica of

the dance hall property which was originally leased to La Monica Dance Hall, Inc., on August 24, 1928. This last executed lease created a term more than a year in advance of the date of the expiration of the former lease held by the respondent. It also provides for a definite sum of rental per month whereas the consideration for the respondent's former lease of the dance hall property depended upon the gross receipts derived from operating the pavilion.

May 25, 1935, this appellant, together with the trustee named in said trust deed of September 12, 1932, and the city of Santa Monica joined in another written instrument, declaring that the trust deed was executed on the date which it bears for the purpose of securing the Santa Monica Amusement Company's note for $96,000, and that, on October 1, 1934, the last-mentioned lease of the dance hall property contained the following provisions: "It is hereby agreed that the lease mentioned above to third party [City of Santa Monica] as lessee, dated October 1, 1934 is hereby made prior and superior to the deed of trust mentioned above." Thereafter, by appropriate valid proceedings, the property described in the trust deed of September 12, 1932, was foreclosed and sold to this appellant June 14, 1935. The regularity of the foreclosure proceedings is not questioned.

This suit was commenced to quiet title to all the property described in the trustee's deed. The complaint alleges the execution of the subordination agreement with the city of Santa Monica dated May 25, 1935, which is referred to as "Exhibit C" thereof, and the complaint concedes that plaintiff's title is subject to *the second lease of the wharf property.* The complaint also prays that plaintiff's title be quieted subject to the rights of the city of Santa Monica under the "second lease".

This respondent answered the complaint, denying the material allegations thereof, and affirmatively alleging that the plaintiff's title to the wharf property is subject to the title of La Monica Dance Hall, Inc., acquired under its lease dated August 24, 1928, from Santa Monica Amusement Company to respondent by virtue of the subordination agreement pleaded by the plaintiff as "Exhibit C" of its complaint.

Findings were adopted favorable to this respondent on that issue, and the title was quieted in plaintiff subject to re-

spondent's lease thereof which expired June 6, 1936. From that portion of the judgment this appeal was perfected.

The appellant contends, (1) that the respondent, La Monica Dance Hall, Inc., for a valuable consideration, specifically and expressly consented in writing that its lease of the dance hall property should become subject to the lien created by the trust deed, and, (2) that the execution of the second lease of the wharf property October 1, 1934, to the city of Santa Monica, in which both this respondent and Santa Monica Amusement Company joined, resulted in a surrender of the respondent's original lease of the property acquired August 24, 1928, *by operation of law.* In support of this assertion the appellant relies on the following authorities, to wit: *Ferguson* v. *Commissioner of Internal Revenue,* 59 Fed. (2d) 891; *Douglas* v. *Schindler,* 209 Cal. 616 [289 Pac. 625]; *Jenkins* v. *Root,* 269 Pa. 229 [112 Atl. 153]; *Casper Nat. Bank* v. *Curry,* 51 Wyo. 284 [65 Pac. (2d) 1116, 110 A. L. R. 360].

In the Ferguson case, *supra,* it is said:

"Where the owner of land gives a lease thereon and during the existence of such lease enters into a new lease thereof inconsistent with the first, and the tenant under the first consents to the second lease and the tenant under the second lease pays rent and goes into possession of the leased premises, a surrender of the first lease is effected by operation of law. The lessor and the lessee under the first lease by their acts are estopped to deny the first lease was not surrendered."

In the Douglas case, *supra,* it is likewise said:

"It is elementary that two valid and enforceable leases cannot be outstanding on the same property for the same term. A surrender of the premises by operation of law took place when appellants entered into a new lease with the Farming Company with Schindler's consent, thus releasing Schindler of all liability."

And in the Jenkins case, *supra,* the court said:

"The making of a new lease by a lessor during the existence of an outstanding lease and in hostility thereto, the tenant under the original lease giving up possession to a stranger, effects a surrender by operation of law."

The appellant propounds these pertinent questions: (1) Did the respondent consent that its lease of the dance hall should become subject to the lien created by the trust deed

at the time the lessor, Santa Monica Amusement Company, joined with it in releasing the property to the City of Santa Monica? (2) Did the execution of the second lease by the respondent result in a surrender of the first lease *by operation of law?* and, (3) Did the second lease constitute a sublease or a mere assignment of the first lease?

We are of the opinion finding VIII is not supported by the evidence; that the plaintiff's title to the wharf property, derived by the valid foreclosure proceedings of the trust deed, is not subject to the title of La Monica Dance Hall, Inc.; that for a valuable consideration the respondent specifically agreed, as a part of the same transaction in which the trust deed was executed, that respondent's title should become subordinate to the lien created by the trust deed, and that the circumstances surrounding the execution of the second lease constitute a surrender on the part of the respondent of its lease of August 24, 1928.

Clearly it was the intention of the respondent to render its original lease of the wharf property subject to the lien of the trust deed. On September 12, 1932, the same day upon which the trust deed was executed to secure a refinancing plan of indebtedness due to the plaintiff, the respondent, La Monica Dance Hall, Inc., a corporation, joined its original lessor, Santa Monica Amusement Company, in a written agreement by the express terms of which the respondent specifically consented to make its lease of the wharf property subject to the lien created by the trust deed. That instrument is called an ''Agreement of Subordination''. It identifies the respondent named as the second party thereof as the ''present owner of the hereinafter described lease''. The agreement specifically describes the wharf property leased to the respondent, together with other property, stating that it ''is subject to the following incumbrances:

'' . . .

''(4) An unrecorded Lease dated August 24, 1928, executed by Santa Monica Amusement Company, a corporation, Lessor, and La Monica Dance Hall, Inc., a corporation, as Lessee, which Lease expires June 6, 1936, subject to renewals as provided therein.''

It is then stated in the agreement that the deed of trust of even date therewith was executed to refinance three previ-

ous trust deeds to secure specifically mentioned loans, and then continues:

"Whereas, it is the intention and understanding of all the parties to this agreement that the lien of said three Trust Deeds last above mentioned shall be and each remain at all times *prior and superior to the Leases hereinabove described as Incumbrances Nos. 4, 5 and 6.*

"Now, Therefore, to carry out the intention of the parties, and in consideration of the premises and other valuable consideration, receipt of which is hereby acknowledged, it is hereby declared, understood and agreed that said Trust Deed in favor of Security-First National Bank of Los Angeles, and said Trust Deed in favor of Arthur Looff, and said Trust Deed in favor of the Prudential Realty Company, a corporation, *shall be and remain at all times a lien or charge on the property hereinabove described prior and superior to the effect of or liens of the Leases as hereinabove described as Incumbrances Nos. 4, 5 and 6.*"

That agreement was signed by the respondent and was duly acknowledged by the respective parties. It clearly covers the property leased by the respondent. The consideration for that instrument is not questioned. We may assume from the language of the instrument that the trust deed of September 12, 1928, which was executed contemporaneously with the subordination agreement to refinance the three previous trust deeds was given as a substitution for and renewal of said three trust deeds which already constituted liens against the property prior to respondent's lease. At least, for a valuable consideration the respondent consented that the latter trust deed should become a prior lien to its lease, and the respondent is therefore estopped from denying the effect of the subordination agreement.

■ We are also of the opinion the execution of the lease of the dance pavilion property by the respondent and its original lessor to the City of Santa Monica on October 1, 1934, under the circumstances of this case, constituted a release and surrender of its former lease of August 24, 1928, on the part of La Monica Dance Hall, Inc. The circumstances indicate that lease to the city of Santa Monica was not a mere sublease of the property on the part of the respondent. It was executed by Santa Monica Amusement Company, from which the respondent originally secured its lease to the wharf prop-

.erty, together with one E. Pickering and the respondent, all of whom were named as lessors. The lease to the city of Santa Monica contains no provision that the rental shall be paid to the respondent only. The specified monthly rental for the property was to be paid *to the lessors*. Repairs could be made on the dance pavilion only "with the approval of the *Lessors*". The respondent's lease of September 12, 1928, expired June 6, 1936. The respondent had no authority to sublet the property for a term extending beyond that date. Yet the lease to the city of Santa Monica was executed October 1, 1934, "for a period of three (3) years, commencing from the 1st day of October, 1934, and terminating on the 30th day of September, 1937". When the lease was made to the city of Santa Monica the respondent's income from the dance hall failed, thus depriving it of the ability to meet its obligation to pay its lessor, Santa Monica Amusement Company, the rental specified by the terms of the lease of August 24, 1928. The last-mentioned lease provided:

"The Lessee [La Monica Dance Hall, Inc.] hereby agrees to operate on said space, a hall for dancing and other purposes.

"The said Lessee agrees to pay to the said Lessor the following rental for said leased premises:

"Twenty-five (25%) per cent of the gross receipts, *after deducting the expense of the orchestra.*"

There is no evidence that the respondent retained any other source of income from the leased property with which it could pay its stipulated rental, after it executed the lease in conjunction with the Santa Monica Amusement Company and Pickering to the city of Santa Monica. The foregoing circumstances are inconsistent with the theory that the respondent was merely subleasing its dance hall property to the city of Santa Monica. These circumstances indicate an intention on the part of the respondent to abandon its lease. They amount to a surrender of the premises by operation of law, according to the authorities heretofore cited. Finding VIII which was adopted by the court is therefore not supported by the evidence.

The judgment is reversed and the court is directed to render judgment in favor of the plaintiff quieting title to the dance hall property in question as against the respondent, La Monica

Dance Hall, Inc., a corporation, free and clear of its lease of August 24, 1928, and of any and all other liens.

Pursuant to the stipulation which was filed in this court July 14, 1938, the judgment is also reversed, and the trial court is directed to render judgment in favor of the plaintiff quieting title to the property in question as against Edward H. Marxen, as Trustee in Bankruptcy of the Estate of Santa Monica Amusement Company, a bankrupt corporation, in the form and manner specified in said written stipulation, which may be annexed to and become a part of the *remittitur*. With respect to the judgment to be rendered against Marxen, as Trustee, as aforesaid, the *remittitur* may issue forthwith. With respect to the judgment to be rendered against the respondent, La Monica Dance Hall, Inc., a corporation, the appeal may take its usual course. It is so ordered.

Pullen, P. J., concurred.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 14, 1938.