## Breuckmann *versus* Twibill.

In covenant upon a lease for rent, the tenant in an affidavit of defence averred that he had removed before the end of his term, that he had surrendered the lease, and that the landlord had entered and made such repairs as could not have been made while the tenant was in possession. He did not, however, aver an acceptance of the surrender by the landlord. *Held*, that taking possession, repairing, advertising the house to rent, are all acts in the interest and for the benefit of the tenant, and do not discharge him from his covenant to pay the rent.

February 3d 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, WOODWARD, TRUNKEY and STERRETT, JJ.

Error to the Court of Common Pleas, No. 1, of *Philadelphia county:* Of January Term 1879, No. 70.

Covenant on a lease by George A. Twibill against Reinhard Breuckmann, to recover two months' rent of a dwelling-house, and a gas bill.

Twibill leased the premises in question to defendant for one year from August 1st 1873, at $25 per month. The lease contained a condition that the tenant should pay for all the gas consumed on the premises. Defendant remained in possession until April 30th 1878, when he removed, having paid the rent to that date. Twibill then entered, made certain repairs and brought an action for two months' rent, ending June 1st and July 1st 1878, of the unexpired term, and a gas bill. The defendant filed an affidavit of defence, wherein he averred that deponent rented the house in dispute from plaintiff, as set forth in the lease filed, but moved out of the said house April 30th 1878, and surrendered the term to the plaintiff, paying him the rent in full to that date, whereupon the plaintiff immediately took possession of said premises and proceeded to repair the house, by building a new bath-room, a new porch, putting in a new range, and making general repairs, such as could not have been done while the house was occupied by a tenant; that deponent saw the house repeatedly during the time for which rent is claimed in this suit, and plaintiff was in possession all that time, and said repairs going on for the greater part of the time. And deponent further says, as to the gas bill charged in said statement, that he had not used gas upon said premises for over two years before surrendering the same; that the pipes in the house leaked so that an employee of the gas office, upon examination, declared it to be dangerous to use the gas with the pipes in the condition they were, and that the gas ought to be turned off or pipes repaired; that plaintiff, although notified, neglected and refused to repair or supply new pipes, whereupon the gas was turned off by the gas office employees at the stop-cock upon the pavement over two years theretofore, since which time no gas has been used upon said premises, and deponent therefore says that he is not indebted to

[Breuckmann v. Twibill.]

plaintiff in any amount whatever, and expects to be able to prove all these facts upon the trial of this case.

A rule for judgment for want of a sufficient affidavit of defence was taken by plaintiff, which the court made absolute, when defendant took this writ, assigning this action for error.

*Edward D. McLoughlin* and *Wm. Knight Shryock*, for plaintiff in error.—In an action for rent reserved by lease, the defendant can only discharge himself by proof of a surrender, release or eviction: Snyder v. Middleton, 4 Phila. 343. The facts to establish a rescission of a lease are for the jury: Kiester v. Miller, 1 Casey 481. The receipt of the key and the other acts of plaintiff amounted to an acceptance of the surrender: Dos Santos v. Hollingshead, 4 Phila. 57; Pier v. Carr, 19 P. F. Smith 326; Tiley v. Moyers, 7 Wright 404.

*William Gorman*, for defendant in error.—The affidavit does not aver an acceptance of the surrender, and it is not sufficient: Philadelphia Fire Extinguisher Co. v. Brainerd, 2 W. N. C. 473; Bradley v. Brown, 6 Id. 282. It is not averred that the repairs prevented the renting of the house, and they were really in the interest of the tenant: Marseilles v. Ker, 6 Whart. 500; Pier v. Carr, *supra*. The latter case, and that of Dos Santos v. Hollingshead, *supra*, are clearly distinguishable from this case.

The judgment of the Supreme Court was entered, March 3d 1879,

Per Curiam.—The plaintiff in error in his affidavit of defence very carefully avoided alleging that there was a surrender of the lease accepted by the landlord. Certain facts are averred, which, standing by themselves, would be evidence from which a jury might infer a surrender, but yet entirely consistent with a distinct refusal. Taking possession, repairing, advertising the house to rent, are all acts in the interest and for the benefit of the tenant, and do not discharge him from his covenant to pay the rent.

Judgment affirmed.