DALLAM v. REBER.

In re HEILBRON BROS., Inc.

(Circuit Court of Appeals, Third Circuit. February 12, 1916.)

No. 2066.

BANKRUPTCY &⸺340—CLAIM FOR RENT—SURRENDER OF PREMISES.

After merchants had gone into bankruptcy, their stock had been sold, and the premises vacated, with no prospect of a continuance of the business, and there was no property on 'leased premises to secure payment of rent for any further occupation, a clerk in the office of attorneys for

&⸺For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the receiver in bankruptcy took the keys for the leased premises to the lessor's office and stated that she had been sent by the receiver's attorneys and would leave the keys. On being told by the lessor to take them to his attorney, she replied that her orders were to leave them at his office, whereupon she left them upon a table and left. The keys were immediately taken into the possession of the lessor, who afterwards entered the premises, cleaned them out, and displayed thereon a "For Rent" sign, which remained thereon until the expiration of the term. *Held* that, under the rule recognized in Pennsylvania, it was a question of fact whether the surrender of the premises was accepted by the lessor, and findings of the referee in bankruptcy and the bankruptcy court that there was such an acceptance were not erroneous.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 527; Dec. Dig. ⊛340.]

Appeal from the District Court of the United States for the Eastern District of Pennsylvania; Oliver B. Dickinson, Judge.

Proceedings in bankruptcy on a claim by D. E. Dallam, trustee, against J. Howard Reber, trustee of the bankrupt estate of Heilbron Bros., Incorporated. From a decree disallowing the claim in part, the claimant appeals. Affirmed.

E. M. Finletter and Walter B. Saul, both of Philadelphia, Pa., for appellant.

Alfred Aarons, of Philadelphia, Pa., for appellee.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

BUFFINGTON, Circuit Judge. In the administration of the bankrupt estate of Heilbron Bros., Incorporated, a claim for rent was presented by the landlord, D. E. Dallam, trustee, and, saving $351.33, which was not disputed and was allowed, the balance was denied by the referee. On petition to review, the action of the referee was approved by the court. Thereupon this appeal was taken.

The case turns on whether, after bankruptcy, the landlord accepted a surrender of the leased premises. The facts on which that question depends were stipulated as follows:

"In June, 1914, Heilbron Bros., Incorporated, a corporation, was the tenant of premises 932 Arch street, Philadelphia, under the terms and provisions of a lease executed between it as lessee and D. E. Dallam, trustee, as lessor, on January 18, 1909. On June 8, 1914, the goods and chattels of said Heilbron Bros., Incorporated, being upon said premises and liable to distress for rent, were levied upon by George H. Rahn, deputy sheriff of Philadelphia county, under a writ of fieri facias issuing out of the municipal court of Philadelphia as of April term, 1914, No. 368, at the suit of Simon Goldman v. Heilbron Bros., Incorporated. Said writ of fieri facias was subsequently stayed by order of the plaintiff and so returned by the deputy; no evidence of the levy appearing upon the record. On June 9, 1914, a petition in bankruptcy was filed and a receiver appointed. On July 1, 1914, a clerk in the office of Wessel & Aarons, attorneys for the receiver, entered the office of D. E. Dallam, the lessor, and approached D. E. Dallam, Jr., telling them that she would leave the keys for premises 932 Arch street, with which she had been sent by the attorneys for the receiver. D. E. Dallam told her to take the keys to his attorney. She replied that her orders were to leave the keys at Mr. Dallam's office, whereupon she left them upon a table and left the premises. Immediately thereafter the keys were taken into the possession of Mr. Dallam, who after-

wards entered the premises, cleaned them out, and displayed on them a 'For Rent,' sign, which remained thereon until after the expiration of the tenant's term."

On these facts the referee held the landlord had accepted a surrender of the lease, and his finding was approved by the court. We thus have in effect two tribunals reaching the same conclusion. We have not been convinced there was error in such finding. While there are certain general principles laid down in the Pennsylvania decisions on the surrender of leases, each case must be determined on its own particular facts and surroundings. Thus we have here the case of merchants in a city store gone into bankruptcy. The stock has been sold, the premises vacated, and there is no prospect of the continuance of the business. The tenant has no further use for the premises, and there is no property on them to secure payment of rent for any further occupation. We have the further fact, also, that when the keys were tendered to the landlord, instead of refusing to receive them, he directed them to be taken to his attorney. On this request being refused, he himself retained them without further objection. These and other circumstances bearing on the relation of the parties are facts to be considered in determining the real significance of the acts of the parties.

The case therefore resolves itself into the question whether a court should refuse to submit the issue of surrender and acceptance to a jury. An examination of the Pennsylvania authorities inclines us to the view the case was one for a jury. In Auer v. Penn, 99 Pa. 375, 44 Am. Rep. 114, the landlord coupled his taking the key with a refusal to accept a surrender of the lease and notified the tenant he would hold him for the rent. Accordingly the court held:

"When, therefore, the lessor retains the keys, and at the same time notifies the lessee that he will hold him for the rent, there is no room for the presumption of a surrender."

Breuckmann v. Twibill, 89 Pa. 58, was an affidavit of defense case. In the affidavit of defense the defendant averred certain facts which would have been evidence to go to the jury on the question of surrender and acceptance, but omitted to allege there was any acceptance. The court, regarding the facts stated as consistent with a landlord either accepting or rejecting a surrender, granted judgment for want of a sufficient affidavit, saying:

"The plaintiff in error in his affidavit of defense very carefully avoided alleging that there was a surrender of the lease accepted by the landlord. Certain facts are averred, which, standing by themselves, would be evidence from which a jury might infer a surrender, but yet entirely consistent with a distinct refusal."

In Gardiner v. Bair, 10 Pa. Super. Ct. 80, the only proof to support the alleged acceptance of surrender of the term was that the tenant's clerk took the keys to the landlord's agent, who refused to receive them. The clerk then took them to the landlord's home, rang the bell, and when the latter came to the door handed him an envelope containing the keys, saying, "The keys of Eighteenth and Wharton," and walked away. There was no proof that the landlord knew the clerk, or from whom he came. Under these facts the trial court charged:

"The second question of fact that you will have to determine is: Was there a surrender of the lease? And in order that there should be a surrender, it is not enough that the tenant gives up the keys, nor is it enough that the landlord takes the keys. The tenant must give up the term, and the landlord, or his agent on his behalf, must accept the surrender of the term. And that is a question of fact, which I leave to you under the evidence. Did the landlord accept the surrender of the term?"

From these cases it will be seen that the mere fact of the return of the keys by the tenant to the landlord, and their retention by him, does not in itself constitute a surrender of the term. Where these are the only facts, the court will so hold, but where there are other facts and circumstances from which an acceptance of surrender might be reasonably inferred, then it is the province of a jury to draw the proper inference. In this case the referee drew the inference of acceptance by the landlord. His finding of fact has commended itself to the court below as well as to this court.

The decree of the court below is therefore affirmed.