# Jenkins et al., Appellants, *v.* Root.

*Landlord and tenant—Termination of lease—Surrender—Estoppel—Principal and agent—Provision against altering terms—Construction against lessor—Novation.*

1. The primary consideration in the termination of the relation of landlord and tenant, is that the respective rights and liabilities of the parties cease to exist, and nothing remains by way of covenant to hold any of the parties.

2. The making of a new lease by a lessor during the existence of an outstanding lease and in hostility to it, the tenant under the original lease giving up possession to a stranger, effects a surrender by operation of law; there was a complete novation.

3. Under such circumstances the owner is estopped from denying a surrender took place or that the first lease had been annulled.

4. In such case, a provision in the original lease, negativing the agent's authority to alter or waive any of its terms, has no application, inasmuch as the agent's general authority gave him the right to execute a new lease, even if the making thereof effected the surrender of the first lease, by operation of law. Under such circumstances the right reserved should be construed against the lessor.

5. Such lease is not a dependent and consistent estate for the benefit of the original lessee, though taken in the name of the lessor owner.

Argued October 19, 1920. Appeal, No. 180, Oct. T., 1920, by plaintiffs, from judgment of C. P. Allegheny Co., Oct. T., 1918, No. 369, on verdict for defendant in case of T. Clifton Jenkins et al. v. George G. Root. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Issue to determine validity of judgment. Before REID, J.

Verdict and judgment for defendant. Plaintiffs appealed.

*Error assigned,* among others, was refusal of plaintiffs' motion for judgment n. o. v.

*William A. Wilson,* of *Calvert, Thompson & Wilson,* for appellants.—The lessors' agent had no authority to

230      JENKINS et al., Appellants, *v.* ROOT.

accept a surrender: Auer v. Penn, 99 Pa. 370; James-town & Franklin R. R. v. Egbert, 152 Pa. 53; Springer v. Gas Co., 145 Pa. 430; Gaughey v. Parker, 26 Pa. Superior Ct. 289; Edmundson v. Sewing Machine Co., 51 Pa. Superior Ct. 549.

The case should not have been submitted to the jury: Potter T. & T. Co. v. Davis, 72 Pa. Superior Ct. 60; Schwab v. Edge, 214 Pa. 602.

*Charles Alvin Jones,* with him *Sterrett & Acheson,* for appellee.—Blair, the agent, had authority to accept Root's surrender of his tenancy: Weightman v. Harley, 20 W. N. C. 470; DeMorat v. Falkenhagen, 148 Pa. 393; McClintock v. Loveless, 5 Pa. Dist. R. 417.

A parol surrender of a tenancy is valid: Kiester v. Miller, 25 Pa. 481; Auer v. Penn, 92 Pa. 444.

OPINION BY MR. JUSTICE KEPHART, December 31, 1920:

The question raised by this appeal concerns the relation of landlord and tenant, the authority of a renting agent, and the consequence of his acts within his renting authority, in conflict with their agreement.

Appellants, owners of a large office building in the City of Pittsburgh, through their renting agent, with admitted general authority to rent all rooms, leased a store room to defendant for three years, who, after five months' occupancy, sold out to Stratman & Koch. Defendant concluded the sale only upon being assured by the renting agent that he would be released and a new lease with the same terms and conditions would be executed with the new tenants. The latter took possession under the parol lease, paying the rent for eight months, at the expiration of which time default was made. Appellants seek to hold defendant under the first lease.

The primary consideration in the termination of the relation of landlord and tenant is that the respective rights and liabilities of the parties cease to exist, and nothing remains by way of covenant to hold any of the

parties. A tenant cannot vacate during his term and relieve himself from liability unless the landlord consents, nor can the landlord do any act in derogation of his tenant's rights unless the latter consents or submits thereto. Similarly, the landlord can do no act inconsistent with the estate granted, nor likewise can the tenant violate the covenants of the lease. Therefore, it has been held that when a landlord attempts to create an estate in the same premises by a lease independent and separate from an existing lease, under which the property is occupied, such effort is of no avail unless the first tenant submits; and, if he does submit, he will be relieved in law from all liability under his leasing engagement. A lessor cannot legally execute two independent leases covering the same premises, but when the first tenant submits by relinquishing possession to the second lessee, there is a presumption in law that a surrender has been made and accepted. The landlord is then estopped from asserting any right under the first lease. The second lease, however, must be definite in terms, valid to pass an interest to the lessee and should not be confounded with the modification of an existing lease as to terms, conditions, etc., or the consent to assignment or other variations in the relation of landlord and tenant recognized by the law of this Commonwealth; and, to be effective, the first tenant, whose rights are infringed, must either agree, accept, acquiesce, or submit by the transfer of possession. In other words, the surrender by operation of law, must occur through some act of the landlord so inconsistent with the relation of landlord and tenant and incompatible with the existing terms of the lease as to imply the parties agreed to consider surrender as being made—as, for instance, the creation of an inconsistent estate with the consent of the lessee. Under such circumstances, the owner is estopped from denying a surrender took place or that the first lease had been annulled: Welcome v. Hess, 90 Cal. 507; Stern v. Thayer, 56 Minn. 93. The making of a new lease by a

lessor during the existence of an outstanding lease and in hostility thereto, the tenant under the original lease giving up possession to a stranger, effects a surrender by operation of law: Drew v. Billings-Drew Co., 132 Mich. 65; Com. Hotel Co. v. Brill, 123 Wis. 638; Bowen v. Haskell, 53 Minn. 480; 24 Cyc. 1370; Taylor on Landlord & Tenant, 9th edition, section 512; Miller v. Dennis, 68 N. J. L. 320; Tiffany on Landlord & Tenant, section 190, p. 1321; Nickells v. Atherstone, 15 Eng. Ruling Cases 512; 16 R. C. L., section 677, p. 1155. This is true as to independent leases where the landlord and second lessee were acting without any apparent intervention of the first lessee, and is likewise true where the first tenant requests it or is active in procuring the independent lease for the second tenant in relief of his own contract. Care must be taken to distinguish cases in this State where it has been held that a second lease may exist for the same premises and for the same term. Where the first lessee, without right, abandons the possession, the landlord may resume possession and rent or repair the property, in the interest of the first tenant, who remains liable for any defalcation or deficiency in the rent, and the joinder of the first lessee in securing another tenant will not work a surrender in law unless the owner agrees thereto: Auer v. Penn, 99 Pa. 370; Lipper v. Bouve, Crawford & Co., 6 Pa. Superior Ct. 452. Such leases are not the creation of independent and inconsistent estates, but are dependent and consistent estates for the benefit of the original lessee, though taken in the name of the lessor owner; and while the ordinary incidents of landlord and tenant may not be exercised as against the second lessee under the first lease such as distraint, yet the duty, under the first lease, to pay periodically a certain sum of money, survives through its covenants, conditions and powers, relieved only when paid under the second lease, which is in aid of the first. The creation of two independent estates by the same lessor in hostility to each other, accepted by the first, ter-

minates the relation of landlord and tenant under the first agreement and abrogates and annuls all the terms and conditions therein expressed.

When the agent, by separate agreement, leased to Stratman & Koch, under the circumstances here recited, the estate thus created was, by the terms of the agreement, hostile to the grant originally given defendant. It was intended to be so, as the jury has found. All parties seemed of one mind that there should be a new lease and defendant should not be a party to it, but should be relieved of all responsibility. He declined to proceed with the sale until he had been assured a new lease would be made. Rent was received from the second tenants, bills for light and heat were sent to and paid by them. On this showing, had the owner been the actor, he could not have escaped the effect of the principle of implied surrender. There was a complete novation in leasing and the defendant was released thereby.

But the owner did not personally rerent the property; it was done by his renting agent, so named in the old lease, which contained an express negation of the agent's authority to alter or waive any of its terms. Such right was reserved to the lessor, and it is in derogation of that right that the agent's act of re-leasing is supposed to operate. If we hold the old lease prohibited the agent's reducing the term of the lease to a period less than three years, and that to accept a surrender of the lease within that time was to alter the terms of the contract, nevertheless the agent did have express authority to make a new lease, even if, under the attending circumstances, the making thereof effected the surrender of the first lease, by operation of law. This incidental effect of annulling the old lease merely followed the exercise of the renting agent's general authority in making the new lease. Under such circumstances the right reserved should be construed against the lessor. The agent had general supervision and control of the property, and was bound to keep the premises

leased in the interests of the owners. His acts within this authority were those of a vice-principal.

We have stated how rent and other charges were paid to and accepted by appellants under the second lease, and why the sale took place; as a result, plaintiffs are estopped from asserting that there was not a surrender.

Judgment affirmed.