Brill et al., Appellant, *v.* Haifetz.

Argued September 26, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO and ROSS, JJ. (DITHRICH and ARNOLD, JJ., absent).

*Abraham L. Shapiro,* with him *Shapiro & Shapiro* and *Harry Shapiro,* for appellants.

*Joseph A. Keough,* for appellee.

OPINION BY BALDRIGE, P. J., October 24, 1945:

Rose Haifetz, the defendant, owned four adjoining properties known as 746-746½ S. 4th Street, and 405-407 Fitzwater Street, Philadelphia, Pennsylvania. On July 11, 1941, she leased a storeroom on the first floor and a part of the second floor of premises known as 746½ S. 4th Street to the plaintiffs, Fay Brill and Herman Brill, for a term of three years from August 1, 1941, at a rental of $95 per month, which was to commence when certain alterations were completed, which was accomplished August 29, 1941. The Brills did not enter into possession of the leased premises and sued defendant September 25, 1941, for damages, alleging that she refused to permit them to erect an awning over the Fitzwater side of the storeroom as orally agreed and claimed rent paid in advance and consequential damages. The lessor filed an affidavit of defense and counterclaim alleging the plaintiffs notified her September 2, 1941, of their refusal to take possession of

the demised premises. She claimed rental at $95 per month from September 29, 1941, to March 15, 1942, and $12.50 per month from March 16, 1942, to August 15, 1944, as the premises during that period were rented for $82.50.

At the trial before BLUETT, J., without a jury, the plaintiffs, having failed to show their right under the contract to erect an awning as alleged, suffered a voluntary nonsuit. The case proceeded as defendant pressed her counterclaim. She based her case on the right to re-enter the demised premises upon the plaintiffs' breach and relet them to the best advantage.

The plaintiffs, as part of their case, introduced in evidence a lease from Rose Haifetz to William Mazis, dated November 7, 1941, covering four properties including the one previously leased to them. The term was for three years, which was to begin when a partition was removed between the stores located at 746 and 746½ S. 4th Street, and upon completion of certain other minor repairs, which proved to be March 14, 1942. The rental was $260 per month for the four properties without any express apportionment in the lease. The new lease to Mazis, therefore, extended some six months beyond the term of the original lease to the plaintiffs.

When the appellants breached their agreement on August 29, 1941, Mazis was in possession as lessee of 405-407 Fitzwater Street at a rental of $110 per month and of 746 S. 4th Street at a rental of $67.50 per month. Allen Goodman, Esq., testified for the lessor, without objection, that he prepared a new lease on November 7, 1941, including the three properties formerly leased by Mazis from Rose Haifetz and 746½ S. 4th Street at a rental of $260 per month; that of this sum $82.50 was allocated as rental for the premises originally leased to the plaintiffs, as that was the amount of the additional rent Mazis paid under the new lease.

The trial judge in his original adjudication dated December 28, 1944, found for the defendant on her counterclaim in the sum of $986.21. On January 12, 1945,

judgment was entered for the defendant in that amount. A rule was granted on January 18, 1945, to show cause why the judgment should not be opened or stricken off, and the plaintiffs permitted to file exceptions to the adjudication nunc pro tunc. We do not know definitely what reasons were advanced in support of this application for the rule, subsequently made absolute, as no petition appears in the printed record. The exceptions filed embraced two principal complaints: (1) that the trial judge failed to find that the lessor in repairing, combining with others, and in renting the demised premises to another for a term exceeding the lease to plaintiffs, had accepted a surrender; and (2) that the trial judge's findings on the amount of the damages was erroneous in that he apportioned and fixed the rental of 746½ S. 4th Street at $82.50 per month. Judge BLUETT filed a second adjudication affirming his original findings and conclusions.

The question of surrender was not raised by the plaintiffs in their pleadings or at the trial. It was brought into the case for the first time when the above exceptions were filed. They now argue that they had no knowledge of the lease of the four properties which included the one originally leased to them until after the trial and were not in a position, therefore, to raise the question of surrender by operation of the law in their pleadings. As they introduced the Mazis lease for all four properties in evidence as part of their case in chief, they must have learned in the preparation of their case all the facts regarding the alleged surrender. The trial court might very well have determined that the failure of the plaintiffs to raise the defense either by amendment to their pleadings or introducing evidence until after a judgment had been entered, barred them from effectively raising it later: *Laska v. Zelazowski,* 134 Pa. Superior Ct. 311, 313, 4 A. 2d 207; *Commonwealth ex rel. Dugan v. Ashe, Warden,* 151 Pa. Superior Ct. 506, 510, 30 A. 2d 655. The opening of the judgment and allowing exceptions nunc pro tunc to be filed, was a matter of judicial dis-

cretion. Assuming the trial judge's indulgence in opening this judgment permitted the plaintiffs to then advance the defense of acceptance of a surrender of the premises, the lower court was not obliged to hold as a matter of law that the action of the lessor in making a second lease with Mazis operated as a surrender. "Whether there has been a surrender by operation of law depends on the intention of the parties, to be deduced from their words and acts, and is ordinarily a question of fact for the jury. The burden of proof is on the party alleging a surrender by operation of law to prove it, and, where it is to be inferred from circumstances or conduct inconsistent with intention to perform, the proof must be clear." 35 C. J., p. 1094, §283.

The Supreme Court in *Ralph et al. v. Deiley et al.,* 293 Pa. 90, 94, 141 A. 640, held that the burden of showing an acceptance of a surrender is on the lessee "and is primarily a question of the landlord's intention. It is usually a question of fact for the jury (Brueckmann v. Twibill, 89 Pa. 58), but the evidence may be such as to make it one of law for the courts." In the case at hand a surrender could be established only by evidence that is sufficiently clear and convincing to overcome the provisions of the written contract as we will presently show.

It cannot be gainsaid that plaintiffs breached the contract, and that the defendant was entitled to some damages. The parties themselves in their contract determined upon the measure of damages for which the tenant would be liable in event of his breach of the contract. A covenant in the lease states that if the tenant violates its terms the lessor may lease part or parts of the premises "to such person or persons as may in lessor's discretion seem best, and the lessee shall be liable for any loss of rent for the balance of the then current term." She was thus given free power of decision within reasonable bounds to rent the premises upon such terms and subject to such conditions as she deemed wise. It cannot be said as a matter of law that by doing what these appellants authorized her to do they are released

of liability because she accepted a surrender of the premises. We concede that the making of a new lease by a landlord during the existence of an outstanding lease and in hostility thereto, and the tenant giving up possession effects a surrender by operation of law: *Jenkins et al. v. Root,* 269 Pa. 229, 112 A. 153. That is not this case. The lessor's rerenting was not incompatible with the lease, but in compliance with it. Nor did she ever consent, either expressly or impliedly, to the tenants' violation of the lease or relieve them of liability thereunder. She carried out her duty of doing what she could to minimize the damages by putting up a "for rent" sign and advertising for a tenant in the newspapers. By making some changes she leased the premises at a reasonable rental, which was to the advantage of the plaintiffs.

"Where the first lessee, without right, abandons the possession, the landlord may resume possession and rent or repair the property, in the interest of the first tenant, who remains liable for any defalcation or deficiency in the rent, and the joinder of the first lessee in securing another tenant will not work a surrender in law unless the owner agrees thereto: citing cases." *Jenkins et al. v. Root,* supra, p. 232.

It is true that in *Rafferty v. Klein,* 256 Pa. 481, 486, 100 A. 945, which involved the sufficiency of an affidavit of defense, the court said that the second lease "extending far beyond the expiration of the original term" prevented a recovery for loss of rent by the landlord from the date of the second lease. That observation, however, was not necessary to the court's decision.

We find no legal errors in the record to relieve the appellants from a liability they imposed upon themselves in wilfully violating the terms of their written contract.

Judgment of the court below is affirmed.