Klein *v.* Mathewson, Appellant.

Argued January 12, 1956. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and AR-NOLD, JJ.

*Joseph E. Gallagher,* with him *Paul R. Orrson,* for appellant.

*Fredric R. Gallagher,* with him *Fahey & Casper,* for appellee.

OPINION BY MR. CHIEF JUSTICE HORACE STERN, March 13, 1956:

This is an appeal from the refusal of the court below to open judgments entered by confession on two certain notes, which, defendant claims, were rendered illegal because of usury.

Defendant, Ralph C. Mathewson, was in financial difficulties of various kinds, one of his troubles being a pending foreclosure of a $40,000 mortgage on certain of his properties and which he tried to avert by instituting proceedings in the federal court under a section of the Bankruptcy Act. In order to obtain a loan to liquidate this mortgage and other indebtedness, and his own efforts in that direction proving abortive, he sought one Julius D. Gilbert, a real estate broker, to whom he gave written authority to negotiate a $50,-000 mortgage loan, and agreed that for his services in accomplishing this he would pay him a commission of $5,000. Gilbert tried, but, being unsuccessful, he consulted one Samuel Marx, an attorney, who referred him to the plaintiff, Alfred M. Klein. Gilbert and Marx discussed the matter with plaintiff and subsequently defendant himself visited him, and, according to plaintiff's testimony, told him that, just as he had agreed to pay Gilbert $5,000, he would pay *him* $5,000 if he obtained the loan. Plaintiff succeeded in securing $40,000 from the Girard Trust Company, $5,000 from his brother Philip Klein, and $5,000 from his brother-in-law Alan Goodman, and accordingly a bond and mortgage were prepared and executed by defend-

300

ant in the sum of $50,000 payable within one year from the date thereof, together with interest thereon at 6% per annum, the obligees named in the bond, and the mortgagees named in the indenture, being Goodman and the plaintiff. Because it appeared at the time of the settlement that the proceeds of the loan would not be sufficient to liquidate the old mortgage and also meet all the defendant's other obligations including the promised brokerage commission of $5,000, defendant executed and delivered to plaintiff two demand judgment notes, one for $2,000 and the other for $3,000, with the signatures of defendant's counsel subscribed as witness. These are the notes on which the judgments, now challenged by defendant, were entered.

The plaintiff and Goodman, having given their own note in the sum of $40,000 to the Girard Trust Company, assigned to it the bond and mortgage. When these were not liquidated by defendant during or at the end of a year, the Trust Company reassigned the bond and mortgage to Goodman and the plaintiff, and defendant entered into an agreement with them according to which he deeded the property to plaintiff and Donald O. Coughlin, defendant's attorney, as trustees to sell the properties covered by the mortgage and apply the proceeds in payment of various obligations including the amount due on plaintiff's notes. No payments on the notes, however, have since been realized.

In his petition to open the judgments defendant invokes the defense of usury, claiming that the notes were given as a bonus to plaintiff for the 6% loan. The determination of the issue thus raised obviously depends on one basic question, namely, whether plaintiff himself made the loan to defendant or whether it was obtained entirely from other sources and was not, in whole or in part, out of his own funds. The court

below found the latter to be the fact, and that he was purely a broker in the transaction and not a lender, and accordingly it discharged defendant's rule to open the judgments.

It is undoubtedly true that the usurious character of a transaction can always be shown and that it is the *substance* and not the *form* which controls; if the element of usury is not in fact present the transaction is not invalidated merely because the *form* in which it is cast might suggest the contrary. The evidence here clearly shows that defendant never had any thought of borrowing the $50,000 from plaintiff himself or that he was in fact obtaining the money from him, and it is also clear that plaintiff never intended to make such a loan of his own funds. He was originally appealed to by defendant because of his being a director of a life insurance company and of the possibility, therefore, that he might be able to obtain the loan from that company. Failing this, he induced the Girard Trust Company to advance up to $40,000 against the mortgage, and he then obtained the remaining amount from his two relatives. The fact that he and Goodman executed a note to the Trust Company, thus lending their credit in order to obtain the loan, is of no controlling significance, (see cases cited in 21 A.L.R. 895), nor the fact that the mortgaged security was taken in the names of Goodman and the plaintiff and assigned by them to the Trust Company, especially since the loan for which the security was given was being obtained from three separate sources and in unequal amounts. In the absence of an intention that the broker shall himself make the loan the taking of the security in his name merely, as apparently here, for the purpose of convenience, does not render the loan usurious; (see cases cited in 21 A.L.R. 827; 53 A.L.R. 753; and 63 A.L.R. 832). Accordingly we are of opinion that the

court below was justified in construing the entire transaction as one in which it was the money of the Trust Company, of Goodman, and of Philip Klein, and not the money of the plaintiff, which made up the loan to defendant, and that therefore the promise to pay the plaintiff a broker's commission did not make the transaction usurious. It may be added that a petition to open a judgment is addressed to the equitable powers of the court, and, if doubt exists as to the real justice and equity of the case, the court below will not be reversed on appeal in the absence of an abuse of discretion: *Certelli v. Braum*, 294 Pa. 488, 144 A. 403; *Welch v. Sultez*, 338 Pa. 583, 592, 13 A. 2d 399, 403; *Harrison v. Stoeckert*, 369 Pa. 143, 146, 85 A. 2d 154, 156; *Gettier v. Friday*, 375 Pa. 206, 99 A. 2d 899.

Orders affirmed.