JAMES E. FLANAGAN, JR. *vs.* JUNIOR REALTY COMPANY.

APRIL 10, 1962.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

ROBERTS, J. This is an action in assumpsit brought by a lessee to recover damages alleged to have arisen out of a breach of the lease by the lessor. It was tried to a justice of the superior court sitting without a jury, who gave decision for the defendant for its costs, and the case is before this court on the plaintiff's exception thereto.

It appears from the record that defendant was the owner of a certain parcel of real estate located on Ocean Road in the town of Narragansett known as the Carlton Hotel. The defendant leased these premises to plaintiff by lease in writing executed on June 21, 1956 for a term extending to January 5, 1957. The plaintiff entered into possession and operated the hotel until the end of November 1956, at which time he contends he was deprived of possession of the premises by reason of defendant's locking him out.

The defendant pleaded the general issue, and at the trial in the superior court adduced evidence tending to prove an abandonment of the lease and breaches of certain cove-

nants thereof on the part of plaintiff. Certain of the officers of defendant corporation testified that during the early fall of 1956 plaintiff had been seeking financial assistance from defendant in order to pay certain debts incurred during his operation of the hotel up to that time. According to the testimony, this loan was refused, and plaintiff thereupon informed these officers that he no longer wanted the premises and that he would have the keys thereof available to be picked up by them at a restaurant designated by him in the city of Warwick. There is further evidence that the vice president of the defendant picked up the keys and, after taking steps to protect the property from damage by freezing, he closed the hotel.

The plaintiff's testimony is to the contrary. He denies that he told defendant's officers that he did not want the premises and stated that he had given the keys to the vice president of the defendant only to permit the drainage of water from certain of the plumbing installations for the winter. According to his version, he sought a return of the keys to reopen the hotel for a party scheduled to be held on December 1 and was then told by one of the officers of defendant corporation that the hotel was closed and that he would not be permitted to reopen it.

The trial justice in his decision found that defendant had failed to sustain the burden of proof imposed upon it to show that there was a surrender of the premises on the part of plaintiff. See *Brill* v. *Haifetz*, 158 Pa. Super. 158. He did find, however, that defendant's eviction of plaintiff was justified by reason of a breach on plaintiff's part of at least two of the covenants set out in the lease. In this respect he specifically found that plaintiff, in failing to pay for the water supplied to the hotel, had breached the provisions of par. 2 of the lease in which he covenants to "pay all taxes, charges and water rates * * *." He also found that plaintiff had failed to pay certain merchants for liquor supplied him in his operation of the hotel and had thereby

breached the provisions of par. 16 of the lease, in which he covenants to "pay all expenses in connection with said operation of hotel * * *."

While contending that the forfeiture of leaseholds is not favored in law, plaintiff does not appear to contend that breaches of the covenants to which the trial justice referred in his decision are not such that, if established, would warrant re-entry by the lessor under the forfeiture provisions of the instant lease. The plaintiff, as we understand him, is contending that defendant has failed to sustain the burden of proof incumbent upon those who rely upon a breach of covenant in seeking to justify a forfeiture. It is generally held in these cases that to warrant a forfeiture for a breach of a covenant contained in a lease, it must appear clearly that the covenant has been violated. See *Baltimore Butchers Abattoir & Live Stock Co.* v. *Union Rendering Co.*, 179 Md. 117.

In support of this contention plaintiff argues that there is in the record no evidence tending to prove that he violated the covenants, either by refusing to pay a water bill rendered to him or to pay any supplier for liquor sold for his use in operating the hotel on his own credit. In this respect he argues that his testimony that he was not rendered a bill for water used in the operation of the hotel during his possession thereof is uncontradicted and that the only testimony in the record concerning such water bills is that he was presented with bills rendered by the water company to defendant. He contends that these bills included charges for water used prior to his entry into possession of the leasehold and for water used on premises other than those constituting a part of the leasehold.

His contentions concerning the state of the evidence as to his failure to pay for liquor supplied him and used in his operation of the hotel are of a similar import. He contends also that the evidence as to the amount of unpaid bills for liquor is in conflict and that there is no evidence

which is probative that he incurred any of the bills for liquor that were subsequently paid by defendant.

The plaintiff's conclusion that the evidence in the instant case is insufficient to establish clearly that he violated the pertinent covenants rests upon a rather limited view of the evidence contained in the record. The view which he takes fails to reflect the probative force of certain substantial evidence which concerns defendant's submission of water bills to him and of his promises to pay those bills, as well as his purchase of liquor to be used in his operation of the hotel for which he did not pay. It is obvious from the decision of the trial justice that he fully appreciated the conflicting character of the evidence when viewed in its entirety and that he concluded that it was sufficient to clearly establish a breach of the covenants to which he refers in his decision.

In the circumstances surrounding the instant case, it is our opinion that it comes within the purview of our well-settled rule that where the parties to litigation submit their case on the facts to a trial justice sitting without a jury, his decision thereon is entitled to great weight and should not be set aside unless it is clearly wrong or fails to do substantial justice between the parties. *Shuster* v. *Sion*, 86 R. I. 431. We have scrutinized the transcript most carefully having this rule in mind, and it is our opinion that when the record is viewed in its entirety, we cannot say either that the trial justice was clearly wrong or that his decision did not do substantial justice between the parties.

The plaintiff's exception is overruled, and the case is remitted to the superior court for entry of judgment on the decision.

*William C. Waring, Jr., Ira A. Marcus,* for plaintiff.

*Curran & Friedman, Charles A. Curran, Harold I. Kessler,* for defendant.