HENDRY, Judge.
This is an appeal by the defendant from a final judgment entered in favor of the plaintiff in an action wherein the plaintiff, as lessor, sued the defendant, as lessee, to *343 recover damages for an alleged breach of a lease agreement.
The complaint alleged that the defendant, Paul Katz, entered into a written lease agreement with the plaintiff, Saul Kenholtz, whereby the defendant leased certain store-100ms from the plaintiff for a period of one year from September 21, 1960 to September 20, 1961 and agreed to pay the sum of $3600 in monthly installments of $300 and to maintain the premises in the same condition, order and repair as they were at the commencement of the lease.
It was further alleged that the defendant ■occupied the premises until he abandoned same; that at the time of the abandonment the defendant owed the plaintiff rent for the months of January, February and March and the cost of certain repairs to the building. At the time of trial the entire lease term had expired and plaintiff amended his ■complaint to conform to the evidence so as to claim damages from the time of the breach to the expiration of the lease, less amounts realized from renting the premises for the account of the tenant.
The record shows that the written lease sued upon recited in the body that it was a lease between Saul Kenholtz, lessor, and Key Discount Center, Inc., a Florida corporation, lessee. The lessor’s copy of the lease was signed, “Saul Kenholtz, lessor” and “Paul Katz, lessee”. The lessee’s copy showed it to have been signed, "Keys Discount Center, Inc., Paul Katz, President”.
After the lease was executed a sign was put on the premises indicating that they ■were in the possession of Keys Discount Center, Inc., and business was conducted on the premises under that name with the knowledge of the plaintiff. However, it was the plaintiff’s contention that he always considered Paul' Katz to be the lessee and was not concerned with the name of the business he operated on the premises.
Soon after the premises were abandoned, the plaintiff served on the defendant and Keys Discount Center, Inc., a statutory three day notice to pay rent or vacate. Immediately thereafter the keys were delivered to the plaintiff. A letter was sent by the plaintiff’s attorney to the defendant acknowledging receipt of the keys and advising him in part as follows:
“On February 22, we received from your attorney, keys to the premises. Under paragraph sixth of the lease, we are endeavoring to relet the premises, under the terms therein contained. Until Mr. Kenholtz is successful in relet-ting, we shall hold you liable for the rent under the terms of the lease. If successful in reletting and there is a deficiency, Mr. Kenholtz will hold you liable for the deficiency.”
The plaintiff was only able to rent the premises for a few weeks, and credit therefor was given to the defendant.
In his answer defendant denied that the plaintiff rented the premises to him, individually, and stated that he executed the lease solely in his capacity as president of the Keys Discount Center, Inc., a Florida corporation. The answer further denied that he owed any rent except that which was due for the month of January because the premises and the keys thereto had been turned over to the plaintiff-landlord at that time pursuant to his notice to the defendant to pay the rent or vacate within three days.
The cause went to trial, without a jury, on the issues thus made by the pleadings and resulted in a final judgment being entered in favor of the plaintiff in the sum of $1,391.68 for rent, $65.75 for interest, plus $160 for repairs.
The plaintiff, during the trial, testified to the effect that he knew that the corporation was named in the body of the lease as lessee but he had told Katz that he would not deal with the corporation and that it would have to be leased by Katz individually. The defendant denied any such discussion.
One of the appellant’s contentions is that the appellee was not entitled to re *344 cover rental for the unexpired term of the lease. The appellant argues that the giving of the statutory three day notice to' pay rent or vacate and the acceptance of the return of the keys to the premises clearly showed an election on the part of the landlord to terminate the lease and resume possession for his own use.
The appellee admits that possession was re-taken by him in the manner set forth by the appellant, hut vigorously denies that he took the keys and possession for any purpose other than for renting it for the account of the tenant, as he had a right to do under the lease[1] and under the settled law of our state.
As was said by our Supreme Court in Williams v. Aeroland Oil Co., 155 Fla. 114, 20 So.2d 346:
“[4] It seems to be reasonably well settled by the weight of authority that upon the breach, abandonment or renunciation of a lease by the lessee before the expiration of the term the lessor has the choice of one of three courses of action: He may treat the lease as terminated and resume possession of the premises, thereafter using the same exclusively as his own for his own purposes; or, he may retake possession of the premises for the account of the tenant, holding the tenant in general damages for the difference between the rentals stipulated to be paid and what, in good faith, the landlord is able to recover from a reletting; or, he may stand by and do nothing, and sue the lessee as each installment of rent matures, or for the whole when it becomes due.”
The evidence shows that the landlord, at the time he obtained control of the keys and the property, indicated he had no intention of regarding the tenancy as terminated, or of releasing the tenant from his obligation under the lease.
This and other evidence in the case was sufficient to show that there had been no surrender of the tenancy either by agreement or by operation of law. We find no merit in the appellant’s contention that by giving the statutory three day notice to pay rent or vacate the appellee made an election which precluded his recovering the unpaid rent for the unexpired term of the lease less the amount realized from rentals during the remainder of the term. In Kanter v. Safran, Fla.1953, 68 So.2d 553, our Supreme Court said:
“[4] ‘The fact that the landlord enters and cares for the premises after the tenant’s abandonment is not regarded as showing a resumption of exclusive possession, effecting a surrender, nor does the making of repairs in itself have that effect. The question is whether the possession taken by him is of an exclusive character, with the apparent intention of occupying and controlling the premises as his own, to the exclusion of the tenant, in case the latter desires to return, and this is ordinarily a question of fact.’
* * ❖ ❖ * ❖
“[5] But it is clear that a surrender by operation of law will not be implied where such was manifestly not the intent of the parties. ‘When such intention cannot be presumed without doing *345 violence to common sense, the presumption will not be supported.’ Christenson v. Ohrman, supra [159 Kan. 565, 156 P.2d 851]. Thus, the parties may so contract in their lease agreement as to make the implication untenable, Continental Bank & Trust Co. of N. Y. v. Goodner, supra; Brill v. Haifetz, 158 Pa.Super. 158, 44 A.2d 311; Crow v. Kaupp, Mo.Sup., 50 S.W.2d 995, as where the lease specifically provides that the lessor may re-enter and re-let for the account of the lessee. And, clearly, there can be no presumption of an acceptance of a surrender when the lessor accepts the keys and resumes possession of the premises, qualifiedly and conditionally. Thus, as stated by Tiffany, Landlord and Tenant (1910), at page 1337: ‘The fact that the landlord, at the time of obtaining or accepting control of the key, or previously thereto, states or explicitly shows that he has no intention of regarding the tenancy as terminated, or of releasing the tenant from his obligations under the lease, is sufficient of itself to prevent such result.’ See also McAdam, Landlord and Tenant, 5th Ed., page 1378; Hulsey v. Harrington, 57 Ga. App. 479, 195 S.E. 901; Richmond v. Joray Corp., 4 Cir., 183 F.2d 667; Hawkinson v. Johnston, 8 Cir., 122 F.2d 724, 137 A.L.R. 420.”
The appellant also contends that since his name did not appear in the body of the lease, he can not be held personally liable as a party to said lease. Appellant overlooks the fact that at the time he executed the lease, the articles of incorporation of Keys Discount Center, Inc., had not yet been filed with the Secretary of State as required by § 608.04, Fla.Stat., F.S.A., a fact which was not known by the plaintiff. In fact, a certificate, signed by the Secretary of State and bearing the state seal, was introduced into the proceedings without objection and showed that Keys Discount Center, Inc., was not incorporated until almost five months after the lease was signed by the defendant.
It is a well established general rule that a promoter is personally liable on all contracts entered into by him on behalf of a corporation prior to its existence or incorporation.[2] Therefore, the defendant is personally liable under his lease whether he signed individually or as president of the corporation.
Accordingly, the judgment appealed is affirmed.
Affirmed.

. The lease in question reads as follows: “SIXTH: If the lessee shall abandon or vacate said premises before the end of the term of this lease, or shall suffer the rent to be in arrears, the lessor may, at his option, forthwith cancel this lease or lie may enter said premises as an agent of the lessee, by force or otherwise, without being liable in any way therefor, and relet the premises with or without any furniture that may be therein, as the agent of the lessee, at such price and upon such terms and for sucli duration of time as the lessor may determine, and receive the rent therefor, applying the same to the payment of the rent due by these presents, and if the full rental herein provided shall not be-realized by lessor over and above the expenses to lessor in such reletting, the said lessee shall pay any deficiency, and if more than the full rental is realized lessor will pay over to said lessee the excess of demand.”

. Nichols v. Bodenwein, 107 Ma. 25, 146 So. 86; Bryce v. Bull, 106 Ma. 336, 143 So. 409; I. W. Phillips & Co. v. Hall, 99 Ma. 1206, 128 So. 635; Frazier v. Ash, 234 F.2d 320 (5th Cir.1956); Hagan v. Asa G. Chandler, Inc., 189 Ga. 250, 5 S.E.2d 739; 41 A.L.K.2d 477; Williston on Contracts, Vol. 2, § 306.