In re Ralph C. MATHEWSON, Debtor,
v.
Ralph C. MATHEWSON, Appellant.

No. 13835.

United States Court of Appeals
Third Circuit.

Argued Sept. 17, 1962.

Decided Jan. 4, 1963.

Rehearing Denied Jan. 30, 1963.

Ralph C. Mathewson, pro se.

Henry C. McGrath, Scranton, Pa., pro se.

Before MARIS, McLAUGHLIN and GANEY, Circuit Judges.

MARIS, Circuit Judge.

Ralph C. Mathewson, the debtor in a proceeding instituted by him for a real property arrangement under chapter XII of the Bankruptcy Act, 11 U.S.C.A. § 801 et seq., has appealed from an order of the district court denying his petition to review an order of the referee approving a compromise settlement of the claims of Alfred M. Klein, Alan S. Goodman and Donald O. Coughlin, creditors of his estate, which had been proposed by the trustee appointed by the court for his property. In view of the fact that the debtor has prosecuted his appeal *pro se* we have examined the voluminous and rather chaotic record with special care. From it we have gleaned the long and unfortunate history of the debtor's financial difficulties.

The debtor has instituted, in all, three successive real property arrangement proceedings in the district court, in no one of which has such an arrangement actually been confirmed or consummated. The first of these proceedings was begun in 1950 apparently to avert a mortgage foreclosure of real estate owned by the

debtor in Luzerne County, Pennsylvania. At that time the debtor was referred to Klein who secured new mortgage funds to satisfy the mortgage then in default, the debtor on June 30, 1950 executing to Klein and Goodman a new bond and mortgage for $50,000 payable in one year with interest at 6% per annum. Contemporaneously the debtor executed and delivered to Klein two demand judgment notes for $2,000 and $3,000, respectively, in payment for his services in securing the mortgage. In addition, the debtor entered into a contract with Klein and Goodman whereby, inter alia, he engaged them, at a commission of 5%, to collect the rents, to sell such properties as might be necessary to repay the mortgage, to apply the funds in the order set out therein, and under which Klein, purportedly for out-of-pocket and legal expenses and for legal services was to receive the sum of $1,500 payable in twelve equal monthly installments. The first real property arrangement proceeding was then dismissed.

On April 5, 1951 Klein and Goodman went into possession of the mortgaged premises as mortgagees and entered judgment on the bond in the Court of Common Pleas of Luzerne County for $50,000 principal, a collection fee of $5,-000, plus interest and costs. Execution was issued against the debtor's property but was subsequently stayed in an action brought by the debtor, the court holding that the debtor was not in default. Mathewson v. Klein, 1951, 78 Pa. D. & C. 481. The debtor subsequently petitioned the court of common pleas for a rule to show cause why the collection fee of $5,000 should not be stricken from the judgment entered on the bond. An appeal by the debtor to the Supreme Court of Pennsylvania from the order discharging this rule was later discontinued by him. On August 31, 1951 judgments were entered in the court of common pleas on the two judgment notes, totalling $5,000, held by Klein. The debtor's subsequent attempt to have these judgments opened on the ground of usury was unsuccessful. Klein v. Mathewson, 1956, 384 Pa. 298, 121 A.2d 577.

The mortgagees again issued execution on their judgment and a sheriff's sale of the mortgaged property was advertised for September 14, 1951. On the day fixed for the sale the debtor filed his second petition in the district court for a real property arrangement and secured a stay of the execution sale. An understanding was then reached between the debtor, his then attorney Coughlin and the mortgagees Klein and Goodman under which the debtor was to execute a deed of trust and a trust agreement transferring the mortgaged property to Coughlin and Klein as trustees with authority, inter alia, to sell such of the mortgaged property as would be necessary to satisfy both the secured and unsecured claims of Klein and Goodman. The trust instruments were executed January 11, 1952 and the second real property arrangement proceeding was thereafter dismissed.

The trustees, thus constituted, proceeded to sell various parcels of the debtor's real property. These sales continued until March 1954 when the debtor filed a bill in equity against the trustees and the mortgagees in the Court of Common Pleas of Luzerne County to May Term 1954, No. 8, alleging that sufficient properties had been sold to satisfy the mortgage debt and praying for an injunction against further sales, an accounting and a return of any unsold properties. In response to the bill, but after long delay, the trustees and the mortgagees filed accounts with the court purporting to show their sales, receipts and disbursements. Hearings were held and testimony was taken by the court. It would appear that in this suit the debtor, had he persisted in prosecuting it, would have been able to obtain with reasonable expedition all the relief to which he was entitled against Klein, Goodman and Coughlin. Instead, however, on December 11, 1956 he instituted

in the district court the present proceeding for a real property arrangement under chapter XII of the Bankruptcy Act, his third such proceeding in succession, and this resulted in the total suspension of the further prosecution of his equity suit in the court of common pleas.

The arrangement proposed by the debtor in his petition, and the only arrangement which has ever been proposed in this proceeding, was that enough of his real property, other than his homestead and 44 acres of other land, be sold to pay his debts and that the remaining real property be restored to him. This proposed arrangement, which was no more than a request that his property should be applied to the payment of his debts in a specified order, was never accepted by his creditors or confirmed by the court and seems to have been subsequently forgotten.

On March 6, 1957 the district court appointed Henry C. McGrath, Esq., trustee of the debtor's property and the proceeding was referred to the referee in bankruptcy. A number of claims were filed by various creditors of the debtor. Among these were a claim for $20,517.-72 filed by Klein and Goodman, an additional claim for $5,000 filed by Klein for attorney's fees for Frederic R. Gallagher, Esq., whom he had employed, and a claim for $2,440.00 filed by Coughlin for legal services rendered to and costs incurred for the debtor. These three claims are the subject of the proposed compromise settlement which is involved in the present appeal.

Objections were filed by the trustee to the allowance of Klein's claims. The referee held hearings at which Klein and Coughlin testified. The trustee subsequently entered into negotiations with Klein, Goodman and Coughlin for a compromise settlement of their claims. A compromise was agreed upon, subject to the approval of the court, and the trustee filed with the referee a petition for its approval. The terms of the proposed compromise were to pay Klein and Goodman $10,000,[1] and to release the debtor's claims against them, in consideration of which Klein, Goodman and Coughlin were to relinquish any and all other claims, filed or unfiled, which they or their attorneys had against the debtor's estate. As we have seen, their filed claims aggregated $27,957.72.

The Klein and Goodman claim for $20,517.72 was alleged by them to be the amount remaining due them upon the mortgage debt, including the $5,000 collection fee, upon Klein's judgment notes and his contractual claim for legal services, and for the disbursements which they and Coughlin claimed as mortgagees and trustees in the accounts which they had filed in the court of common pleas. The debtor filed objections to the approval of the compromise settlement, asserting that Klein, Goodman and Coughlin had been paid in full for all these claims out of the proceeds of the sales of the mortgaged property which they had made. The account filed by Klein and Goodman as mortgagees in the court of common pleas with which they supported their claim for $20,517.72 in this proceeding was in far from good accounting form and left a great deal to be desired, as likewise did the testimony of Klein in attempted explanation of it. In arriving at the compromise figure the trustee took into consideration that some of the items charged in the accounts appeared not to be properly chargeable to the debtor and that others posed serious and doubtful questions of law, the resolution of which would involve extensive and expensive litigation. In addition he considered the possibility of realizing upon the debtor's claims against the mortgagees and trustees for failure properly to administer the trust, failure to collect rents and pay taxes, and for making an alleged unauthorized sale

1. $7,303.06 of this amount is to be paid from the proceeds of the sale of one of the debtor's properties, of which sum $300.00 (a deposit) was and is being held in escrow by Klein and $7,003.06 was and is being held in escrow by the Commonwealth Land Title Insurance Company of Philadelphia.

of one parcel of the mortgaged property.

The referee held a hearing upon the trustee's petition for the approval of the compromise settlement at which the debtor appeared and his counsel presented oral objections. After the trustee had filed an answer to the debtor's objections a second hearing was held at which the debtor and his counsel were also present. Following that hearing the referee filed his decision and order approving the compromise settlement. Exceptions thereto were filed by the debtor which after consideration the referee dismissed. Thereafter a petition to review the referee's action was filed which the district court denied. In a memorandum accompanying the order Chief Judge Murphy stated that the court had examined the record and found that each exception was carefully and conscientiously considered by the referee and that "the exceptions, being without merit, were properly dismissed." The debtor then took the appeal now before us.

■ While the debtor has sought in this court to argue the question of the merits of the claims of Klein, Goodman and Coughlin that is not the issue which this appeal presents. For we are not dealing here with the judgment which should be entered in a plenary suit to determine the rights and liabilities of the debtor and Klein, Goodman and Coughlin vis-a-vis each other. As we have seen, the debtor brought just such a suit in the court of common pleas but abandoned it in midcourse when he came for the third time into the district court purporting to seek a real property arrangement with his creditors under the Bankruptcy Act. The sole question which is actually presented to us for decision is whether the referee and the district court were guilty of an abuse of the discretion which the Bankruptcy Act has vested in them in approving the compromise settlement of these claims proposed by the trustee. In re Prudence Co., 2 Cir. 1938, 98 F.2d 559; In re Kansas City Journal-Post Co., 8 Cir. 1944, 144 F.2d 816; S. F. Brothers Co. v. Wiseman, 6 Cir. 1957, 244 F.2d 73; Florida Trailer and Equipment Company v. Deal, 5 Cir. 1960, 284 F.2d 567.

■ In considering this question we have studied the record exhaustively to determine whether the claims asserted by Klein, Goodman and Coughlin are so clearly invalid as a matter of law that they present no risk of being sustained, if litigated, which it was prudent to eliminate by a compromise settlement. We must say that the accounts presented by Klein and his testimony in support of them were far from satisfactory. The accounts themselves were poorly stated and contained many questionable charges for interest and alleged expenditures. Klein's testimony in support of them was in many respects vague and he exhibited on the witness stand a lamentable lack of appreciation of his fiduciary responsibility to the debtor as mortgagee in possession and trustee. Moreover it appears from the record that he went to the limit of the law in taking advantage of the debtor's pressing necessities in order to secure every possible pecuniary advantage for himself.

The fact remains, however, that the debtor did receive $50,000 for which he gave his bond and mortgage and that Klein's right to receive from him, in addition to principal and interest of the debt, a collection fee of $5,000 and a commission of $5,000 represented by the two judgment notes has been upheld by the Pennsylvania courts and is res judicata. Moreover there can be no doubt of his right to be reimbursed for taxes and insurance premiums necessarily paid on the debtor's behalf. Even if we should deduct from the amounts claimed those items which might appear to us to be prima facie invalid there still would remain a substantial amount due these claimants unless we should also accept the debtor's contention that the claimants have, or should have, collected rents and received proceeds from the sale of mortgaged property which

they have not reported. But these vague and general contentions of the debtor are categorically denied and in any case depend upon the proof of facts which have not been established and which it might well not be possible for the trustee to establish.

It is true that the trustee did not demonstrate that the claimants could not succeed in proving their right to more than $10,000 or that he could not succeed in proving that they were entitled to less than that or nothing at all. But to do that would have been to litigate and not to compromise the claims. As Judge Brown, speaking for the Court of Appeals for the Fifth Circuit, pointed out in the Florida Trailer case [284 F.2d 567, 573] "All that he must do is establish to the reasonable satisfaction of the Referee that, all things considered, Drexel v. Loomis, 8 Cir., 1929, 35 F.2d 800, 806, it is prudent to eliminate the risks of litigation to achieve specific certainty though admittedly it might be considerably less (or more) than were the case fought to the bitter end."

The referee in the present case determined after two hearings that the compromise proposed by the trustee was authorized by section 27 of the Bankruptcy Act, 11 U.S.C.A. § 50, and was proper and for the best interest of the debtor's estate. Even conceding that in an adversary trial of the merits of the claims a court might arrive at the conclusion that they are wholly without merit, we cannot say that the referee abused his discretion in evaluating the uncertainties of litigation by concluding that a settlement on the terms proposed by the trustee was a prudent thing. Nor can we say that the district court abused its discretion in sustaining the referee. To quote again and paraphrase in part the apt words of Judge Brown in the Florida Trailer case [284 F.2d 567, 573], which are equally applicable to this case: "There it ends. And there it must end unless, as cannot possibly be the case," a debtor "is empowered to frustrate the Congressional policy encouraging compromises by the trustees merely by showing on the hearing for approval that if the claim" thus compromised were opposed in litigation "the estate would likely win."

The order of the district court will be affirmed.