Wilson Laundry Company *v.* Joos, Appellant.

596

Argued March 19, 1963.  Before RHODES, P. J., ER-
VIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and
FLOOD, JJ.

*Roland J. Christy,* for appellant.

*Harry J. J. Bellwoar, III,* with him *Bellwoar, Rich and Mankas,* for appellee.

OPINION BY ERVIN, J., April 18, 1963:

This is an appeal from the refusal of the court below to open a judgment entered against defendant under a warrant of attorney in a lease.

In July 1958 the defendant entered into a lease, which provided for a term from November 1, 1958 to October 31, 1961, with a provision for an automatic extension on a year to year basis unless 60 days notice was given by either party prior to the expiration of the original three-year period. On September 7, 1961 the defendant sent a notice of termination to the plaintiff-landlord's agent. By letter dated September 11 the plaintiff advised the tenant that the notice of termination was refused as being submitted too late and in such letter stated "In view of the above we will not release you from your legal obligation completely. We feel that it will take some time in which to obtain another tenant; in order that you or we will not be inconvenienced too greatly we will accept a settlement rent collection covering the months of November and December of 1961." The evidence clearly revealed that the defendant never accepted the plaintiff's offer and never paid any rent after the October 1961 rental. At the end of the original term, on October 30, 1961 the defendant delivered the keys to the plaintiff and moved out of the property.

Thereafter the plaintiff made considerable repairs to the premises costing several thousand dollars and by so doing obtained a new tenant for the property for a lease which commenced April 1, 1962 and for a rental of $300.00 a month, the original rental to the defendant having been at the rate of $150.00 a month.

On June 12, 1962 judgment was entered by virtue of the power of attorney in the lease for one year's rental in the sum of $1,800.00, to which was added a collection fee of five per cent and interest, making a total amount of $1,992.00, and from which was subtracted a sum representing mitigation of damages of $875.00, leaving a balance for which judgment was entered of $1,117.00. The court, in dismissing the defendant's petition to open the judgment, was of the opinion that the plaintiff did not give the defendant proper credit for the amount of the rentals which the plaintiff received from April 1, 1962 to October 31, 1962. For this reason it directed that the assessment of damages be amended so that the defendant was not assessed for the rentals which were due and owing on the premises from April 1, 1962 to October 31, 1962. On January 10, 1963 the plaintiff amended the assessment of damages "as per court order of December 17, 1962," which covered rental at $150.00 a month for the months of November and December 1961, January, February and March 1962, or a total of $750.00, to which was added interest and attorney's fee, making a total amount of damages, as amended, as $806.25.

A petition to open a judgment is addressed to the equitable powers of the court, and, if doubt exists as to the real justice and equity of the case, the court below should not be reversed on appeal in the absence of an abuse of discretion: *Klein v. Mathewson*, 384 Pa. 298, 121 A. 2d 577.

The appellant cites a number of cases to show that where a question of fact exists as to a surrender, the

matter should be referred to a jury. In the instant case there was no question of fact to be submitted to the jury. It is clear from the appellee's letter of September 11 that the landlord intended to hold the tenant to the term of his lease. It is also clear from the defendant's testimony that he knew this to be the intention of the landlord. There was, therefore, no issue of fact to be submitted to the jury. The sole issue in a case of this kind is whether or not there was evidence of an intention on the part of the lessor to accept the lessee's surrender of the lease. There was no such evidence in this case. In *Brill v. Haifetz,* 158 Pa. Superior Ct. 158, 44 A. 2d 311, we quoted with approval what was said in the case of *Ralph v. Deiley,* 293 Pa. 90, 94, 141 A. 640, "that the burden of showing an acceptance of a surrender is on the lessee 'and is primarily a question of the landlord's intention. It is usually a question of fact for the jury (Breuckmann v. Twibill, 89 Pa. 58), but the evidence may be such as to make it one of law for the courts.' "

"Taking possession, repairing, advertising the house to rent, are all acts in the interest and for the benefit of the tenant, and do not discharge him from his covenant to pay the rent." *Breuckmann v. Twibill,* 89 Pa. 58, 59.

The appellant also argues that judgment may not be entered for unliquidated damages. Here judgment was entered for the entire year's rental of $1,800.00 and this was entirely proper because the lease contained an acceleration clause which gave the plaintiff the right to confess judgment, as was done in this case. It was true that the affidavit of default recited rent due from October 1, 1961 instead of November 1, 1961, but the amount of the rent due was correctly assessed. The defendant's principal contention is that he was entitled to a credit for mitigation of damages for the entire amount of income received by the landlord from the

rerental of the property. The rental of the premises under the original lease was for $150.00 a month. Under the lease which commenced April 1, 1962 with the new tenant, the rental which the landlord was to receive was $300.00 per month. The appellant argues that he should be given credit for the full amount of the rentals which the plaintiff received for this period from April 1, 1962 to October 31, 1962, or an amount of approximately $2,100.00, which would then relieve appellant of all liability under his lease. This argument ignores the fact that the landlord, in order to obtain this additional $150.00 per month rental, had to incur expenses in the amount of several thousand dollars in order to put the property in such condition as to obtain a new tenant. Without these expenditures the increased rental would not have been obtained.

The court below allowed the landlord, under the reassessment of damages, to recover rent for the five-month period from November 1, 1961 until April 1, 1962, when the new tenant took possession. This five-month vacancy period was caused by the defendant's withdrawal from the property and the court's action was entirely equitable. No case has been cited by the appellant to justify his position. In none of the cases is it asserted that where substantial improvements have been made by the landlord and because of these improvements the landlord is able to rent the property at a greater amount of rent than the tenant was originally liable for, that the increase in rent should be for the benefit of the tenant.

Appellant also argues that the judgment is void and cites *Mars National Bank v. Hughes,* 243 Pa. 223, 89 A. 1130, in support of his argument. In that case the plaintiff filed a petition to amend the original declaration and confession of judgment. In the present case no petition was filed by the landlord to amend the original declaration and confession of judgment. In

the *Mars* case the Court said, at page 225: "For errors in the entry of the judgment, or for the correction of clerical mistakes, application should have been made to the court to correct the original judgment to conform to the facts, but this was not done." That is exactly what was done in the present case and the court below, which had jurisdiction of the matter, on its own motion directed the correction of the assessment of damages.

We are of the opinion that there was no abuse of discretion by the court below in refusing to open the judgment in this case.

Order affirmed.