**In the Matter of Ralph C. MATHEWSON, Debtor.**

**Ralph C. Mathewson, Appellant.**

**No. 16885.**

United States Court of Appeals Third Circuit.

Submitted on Briefs Nov. 18, 1968.

Decided Jan. 10, 1969.

Rehearing Denied Feb. 6, 1969.

Ralph C. Mathewson, pro se.

Henry C. McGrath, Welles & McGrath, Scranton, Pa., pro se.

Before GANEY, FREEDMAN and SEITZ, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

This is an appeal by a debtor in a Chapter XII arrangement proceeding.

The unusual feature of the appeal is that appellant attacks an order by the district court which granted the relief for which he applied.

On June 3, 1966, after the failure of an earlier Chapter XII plan which we reviewed in part in In Re Mathewson v. Mathewson, 311 F.2d 833, 837 (3 Cir.) cert. denied, sub nom. Mathewson v. McGrath, 375 U.S. 858, 84 S.Ct. 121, 11 L.Ed.2d 84 (1963), the debtor presented a new plan of arrangement. The referee approved the proposed plan and fixed a time for the debtor to post a deposit to underwrite the plan. On the petition of the debtor the referee later extended the deadline for the deposit to April 15, 1967, and in doing so stated that "No further extension of time will be given."

Notwithstanding this, the debtor on March 20, 1967 appealed to the district court for an additional ninety day extension of time. He was granted an extension until July 15, 1967. On that date

he petitioned for another extension until September 15, 1967. The district court granted this request by an order of July 25, 1967. This is the order from which the debtor has appealed.

 Appellant's pro se brief appears to argue that Congress intended that there should be an unlimited period of time for rehabilitation by a Chapter XII proceeding and that any time limitation fixed for the posting of the deposit therefore is invalid.

The argument is without merit. Section 437 of the Bankruptcy Act (11 U.S.C. § 837(2)) provides that after a real property arrangement is accepted the judge or referee shall fix a time for the deposit of funds to be distributed under the plan. In this case the referee fixed such a time and then granted an extension to April 15, 1967, giving notice that he would grant no further extensions. Nevertheless, the debtor obtained extensions from the district court running to September 15, 1967 and by the pendency of the present appeal in which he obtained several extensions of time to file his typewritten pro se brief, has obtained in effect additional extensions exceeding one year.

 Section 413 of the Bankruptcy Act (11 U.S.C. § 813(3)) provides that whenever a court is required or permitted to fix a time in a Chapter XII proceeding it "may extend the time upon cause shown". This authorization does not require unlimited extensions of time which would reduce proposed plans of arrangement to mere speculation. In his petition to the district court the debtor indicated that he needed more time to explore some new "contacts" which he hoped would produce additional funds. There is nothing to show that any of these hopes have been realized.

The order of the district court must stand unless it is shown that there was some abuse of discretion.[1]

There has been no demonstration of abuse of discretion. On the contrary, the record discloses a painstaking effort by the district court to afford the debtor ample opportunity to meet the requirements of the plan.

The order will be affirmed.

---

1. E. g., In Re L. F. Grammes & Sons, Inc., 324 F.2d 675, 677 (3 Cir. 1963); Federal Land Bank of Springfield v. Hansen, 113 F.2d 82, 84–85 (2 Cir. 1940).