Masaru **SUMIDA** et al., Appellants,

v.

Fusao **YUMEN** et al., Appellees.

Nos. 26223, 26341.

United States Court of Appeals, Ninth Circuit.

July 2, 1971.

Rehearing Denied Aug. 27, 1971.

William S. Ellis, Jr. (argued), in pro. per.

Ralph E. Corey, Honolulu, Hawaii, for other appellants.

B. Martin Luna (argued), William F. Crockett, Walter T. Shimoda, Wailuku, Hawaii, Daniel H. Case, Luman N. Nevels, Jr., Genro Kashiwa, Honolulu, Hawaii, for appellees.

Before KOELSCH, CARTER and KILKENNY, Circuit Judges.

JAMES M. CARTER, Circuit Judge:

This case arises out of a dismissal of a Chap. XII petition for a real property arrangement. Two questions are presented: (1) where the debtors (appellants) withdraw the proposed real property arrangement but failed to submit a new or amended proposal before or at the meeting of creditors, is the bankruptcy referee required by Sec. 481 of the Bankruptcy Act, 11 U.S.C. § 881, either to adjudicate the debtor a bankrupt or to dismiss the debtor petition; (2) when the referee's dismissal of the debtor's petition has been affirmed by the district court as authorized under Section 481 of the Bankruptcy Act, 11 U.S.C. § 881, is the court prior to the entry of a final decree, required to pass on ancillary applications of the debtor. We affirm.

This case started with a petition under Chap. XII filed by the debtors on January 17, 1967. It is now here for the second time and there seems to be no end to the multitudinous applications, briefs and maneuverings of the appellants through counsel and William S. Ellis, Jr., appearing in pro. per.

On April 25, 1969 we decided the first appeal in Sumida v. Yumen, 409 F.2d 654, and held that a dismissal of the Chap. XII petition was improper without there first being held a creditors' meeting. Secs. 434, 435, 467 and 468 of the Act, 11 U.S.C. §§ 834, 835, 867 and 868 (1964). A chronological chart of the dates of the events in this proceeding is set forth in the margin.[1]

1. 1/17/67  Petition filed under Chap. XII.
2/10/67  Motion filed to dismiss petition.
2/17/67  Hearing on the motion.
4/17/67  Order of dismissal filed.
5/17/67  Notice of appeal filed.
4/25/67  Judgment of dismissal reversed in Sumida v. Yumen, (9 Cir. 1969) 409 F.2d 654.
6/10/69  Notice of meeting of creditors filed; meeting noticed for 6/26/69.
6/24/69  Debtors withdraw their proposed real property arrangement (Appendix A to the petition).
6/26/69  Creditors meeting continued to Aug. 6, 1969, since no plan on file.
8/6/69  Motion filed to amend Appendix A (Proposed Real Property arrangement) within 30 days *after* the court has determined certain other matters.
8/6/69  Creditors meeting held; no new or amended proposed real property arrangement on file or presented. Creditors present unanimously agreed that dismissal would be in their best interests. Oral motion to dismiss petition granted.
9/18/69  Order filed denying motions and dismissing proceedings.
9/25/69  Petition for review of referee's order of 9/18/69, filed.
12/22/69  Hearing by district court on petition to review.

Following remand, a creditors' meeting was noticed for June 26, 1969. Two days before the meeting, on June 24, 1969, the appellants withdrew their proposed real property arrangement, Appendix A to the Chap. XII petition. Because there was no proposed plan on file at the creditors' meeting of June 26, 1969, the meeting was continued to August 6, 1969 " * * * at which time and place creditors may attend and be heard on whether this proceeding should be dismissed or the debtors adjudged bankrupt; the effect of the proceeding to enforce a lien against the real property subject hereto; and such other matters as may properly come before the meeting."

On August 6, 1969, the date of the adjourned creditors' meeting, no new or amended real property arrangement was on file or presented. On that day Ellis, acting on behalf of the appellants, filed a motion for leave to amend the Appendix A of the petition, the proposed real property arrangement. The motion expressly asked for leave to amend "within 30 days *after* this court has determined the following matters"—:

1. Whether or not a partnership may hold title to real property in Hawaii;

2. Whether or not any and all proceedings to enforce a lien against the debtors are automatically stayed;

3. Whether or not the petition for a real property arrangement was filed in good faith;

4. Various other ancillary matters.

The *motion concluded,* "the submittal of amended Proposed Real Property Arrangement prior to the disposition of the above-listed matters would compound confusion and complexities."

Ellis argued to the referee that these various matters should be ruled upon and disposed of before he was required to submit an amended plan. The creditors present, on inquiry by the referee, unanimously agreed that dismissal of the petition would be in their best interests. Because there was no amended real property arrangement pending, the referee orally denied the motion to amend and ordered the petition dismissed. On September 18, 1969, a formal order to the same effect was filed.

On petition for review the district court affirmed the referee in his action in denying the motion to amend and dismissing the Chapter proceedings, and

| | |
|---|---|
| 1/ 6/70 | Order filed denying petition for review of referee's order filed on 9/18/69. |
| 1/16/70 | Motion filed to amend order of the district court dated 1/6/70. |
| 4/20/70 | Hearing on motion to amend. Oral decision denying motion. |
| 4/29/70 | Filed debtors' application to amend final decree to declare liens void, and state proceedings null and void and for contempt adjudication. |
| 5/ 1/70 | Filed debtor's application to amend final decree to restore property and for a contempt adjudication against creditors. |
| 5/ 5/70 | Filed debtors' application to amend final decree to declare proceedings re Harada mortgage null and void. |
| 5/ 5/70 | Filed debtors' application to amend final decree to declare state court proceedings by Ohigashi et al., null and void. |
| 5/ 5/70 | Filed debtors' application to amend final decree to restore property and for a contempt citation, against creditors. |
| 5/ 5/70 | Filed debtors' application to amend final decree to restore property re Schneller et al. |
| 5/13/70 | Order filed by district court denying motion to amend the order denying petition to review (the order of 1/6/70); and denying the applications filed on 4/29/70, 5/1/70 and 5/5/70. |
| 5/24/70 | Filed debtors' petition for rehearing. |
| 6/ 5/70 | Hearing on petition for rehearing. |
| 6/10/70 | Filed order of court denying petition for rehearing. |
| 6/12/70 | Filed notice of appeal from order entered 1/6/70 (appeal #26223). |
| 7/ 8/70 | Filed notice of appeal from orders of 5/13/70 and 6/10/70 (appeal #26341). |

noted that not only was there no real property arrangement pending, but that appellants had given no indication that a new plan would be forthcoming. The court stated, that like the referee, it would not decide the preliminary or ancillary questions which the appellants asserted had to be decided before they would submit a new real property arrangement. The court's order was filed January 6, 1970.

A motion to amend the court's order was filed on January 16, 1970, heard on April 20, 1970 and at that time orally denied. A formal order was filed May 13, 1970.

After the hearing on April 20, 1969 and specifically on April 29, May 1, and May 5, 1969, appellants filed six applications to declare liens and state proceedings void, for restoration of appellants' property and for contempt citations against creditors. Each was an application to amend the formal order of January 6, 1970.

None of the six applications were on file on April 20, 1969, the date of the hearing. In the court's formal order of May 13, 1970 the court denied the motion (filed January 16, 1970) to amend the order denying the petition for review, and final decree. With reference to the dismissal of the Chapter proceedings the court made no further findings in addition to those in the order of January 6, 1970.

The court in the order of May 13, 1970, denied the six late filed applications "as coming too late and not called for or required by the state of the record and proceedings as of the date of the court's order of January 6, 1970 and the court's oral decision rendered on April 20, 1970." A petition for rehearing was filed, heard and ordered denied on June 10, 1970.

Two notices of appeal were filed, one from the order of January 6, 1970, appeal #26223, and one from the orders of May 13, 1970 and June 10, 1970, appeal #26341.

Appellants contend that the dismissal of the Chapter proceedings was not a matter appealed from in appeal #26223.[2] Appellants state in their reply brief that they are "not appealing dismissal as such." If this is true, then this is the end of the matter and the dismissal of the Chapter proceedings would be final. However, appeal #26341 probably covers the dismissal and in any event there must be an end to these seemingly interminable proceedings. We therefore consider the dismissal issue.

I

*The Dismissal Was Proper and Required Under Sec. 481 of the Act.*

Under Sec. 481 of the Act, 11 U.S.C. § 881 " * * * if an arrangement is withdrawn or abandoned prior to its acceptance and no other arrangement is pending, * * * at the meeting of creditors or within such further time as the court may fix, * * * the court shall— * * * (2) where the petition was filed under section 822 of this title, enter an order upon hearing after notice to the debtor, and such other persons as the court may direct, either adjudging the debtor a bankrupt * * * or dismissing the proceedings under this chapter, whichever in the opinion of the court may be in the interests of the creditors." Sumida v. Yumen, *supra*, 409 F.2d at 657. 9 Collier on Bankruptcy 14th Ed. Chapter XII, Art. X, § 10.-01, pp. 1196–1198.1.

■ Preas v. Kirkpatrick & Burks, (6 Cir. 1940) 115 F.2d 802, 803 is

---

**2.** The first appeal, #26223, by the appellants was from that *portion* of the order denying petition for review filed on January 6, 1970, affirming the order of the referee dated December 18, 1969, (1) denying the motion for leave to amend Appendix A of the petition and to later file a new plan, and (2) from the denial of motion made orally on August 6, 1969 for determination of the automatic staying effect of these proceedings as to certain creditors and adverse claimants asserting liens against the real property.

squarely in point to the effect that if the arrangement is withdrawn or abandoned prior to its acceptance and no other arrangement is pending, the court must dismiss or adjudicate the debtor a bankrupt.

■ True, the court may permit an amended plea to be filed if tendered. None was here tendered but instead the appellants proposed that various other matters be litigated and then 30 days after the termination of that litigation, they would submit a plan, contents unspecified. Kunze v. Prudential Ins. Co. of America, (5 Cir. 1939) 100 F.2d 917 holds that in a like situation the discretionary power of the court "was exhausted" and dismissal was affirmed. We think it would have been an abuse of discretion to have granted appellants' motion that a plan be submitted 30 days after the end of ancillary litigation.

Chapter XII concerns real property arrangements by persons other than corporations. Usually, as here, the debtors own real property encumbered by liens, trust deeds or mortgages. Chapter XII is structured to prevent unreasonable delays in bringing to a conclusion the acceptance or rejection of a plan. The terms of the arrangement must be set forth in the debtor's petition. Sec. 423 of the Act, 11 U.S.C. § 823. The court shall promptly call a meeting of creditors on at least 10 days notice. Sec. 434 of the Act, 11 U.S.C. § 834. At such meeting the court shall examine the debtor or permit him to be examined "on any matter relevant to the proceedings." Sec. 436(3) of the Act, 11 U.S.C. § 836(3). "Thus, adherence to the normal procedure in Chapter XII cases should not produce any inordinate delay * * *." Sumida v. Yumen, supra, pp. 657–660. See also the provisions where an arrangement has been accepted. Sec. 437(2) of the Act, 11 U.S.C. § 837(2),

In Re Mathewson, (3 Cir. 1969) 406 F. 2d 406, 407.

Chapter XI cases are relevant. Sec. 376 of the Act, 11 U.S.C. § 776 is generally similar to Sec. 481, 11 U.S.C. § 881. See Calland Corp. v. United Ins. Co. of America, (9 Cir. 1969) 408 F.2d 1199, 1202–1203 where an adjudication in bankruptcy was affirmed when appellant had failed to file an application for confirmation of a plan, had not secured the consents of creditors, and had not made the required deposit, more than one year after the first meeting of creditors; In Re Webcor, (7 Cir. 1968) 392 F.2d 893 (adjudication in bankruptcy affirmed by order made three and one-half months after the filing of a Chapter XI petition where no plan had been filed).

## II

### *The Denial of the Six Applications.*

Sec. 485 of the Act, 11 U.S.C. § 885 provides that upon a dismissal of a Chap. XII proceeding, the court shall enter a final decree, discharging the trustee, if any, and closing the estate. After dismissal and prior to the closing decree the court may allow compensation for costs and services rendered. Sec. 495 of the Act, 11 U.S.C. § 895.

In the case at bar the six applications were filed between April 29, 1970 and May 5, 1970. The petition had been dismissed by the referee on September 18, 1969; the order of the district court, affirming the referee had been filed on January 6, 1970; and the motion to amend the final decree was orally denied on April 20, 1970.

■ The filing of the six applications to amend the final decree was a diversionary tactic by appellants and the lower court did not abuse its discretion in denying the applications in its order of May 13, 1970.

The judgment is affirmed.